362 So.2d 962 (1978)
Svend O. HANSEN, a/K/a S.O. Hansen, Appellant,
v.
FIVE POINTS GUARANTY BANK, a Florida Banking Corporation, and American Arlington Bank, a Florida Banking Corporation, Appellees.
No. GG-291.
District Court of Appeal of Florida, First District.
August 24, 1978.
As Corrected On Denial of Rehearing October 18, 1978.
*963 John B. Culp, Jr., Jacksonville, for appellant.
Cecilia A. Bryant of Bryant, Franson, Miller, Olive, Bryant & Ryan, Edward McCarthy, Hugh A. Richeson, Jr., Willard E. Parsons, Terrance E. Schmidt and Edwin W. Held, Jr., Jacksonville, for appellees.
McLANE, RALPH M., Associate Judge.
This appeal is from an amended final judgment of foreclosure on real property. The court adjudged that the claim of appellee American Arlington Bank was superior and prior to the appellant Svend O. Hansen, a/k/a S.O. Hansen. Neither of the parties to the appeal question that the mortgage of Five Points Guaranty Bank, plaintiff below, was a superior claim and prior lien upon the real estate. It is the second and third order of priority concerning us on appeal.
The documents affecting the respective claims of the appellant and appellee will be examined and considered in point of time of execution and recording.
First, after execution of the mortgage to Five Points Guaranty Bank, was a note and security agreement on January 26, 1973, to appellee, American Arlington Bank, in the sum of $27,130.40 by Regency Tire & Battery Co., a corporation. The corporate name of the debtor was thereafter changed to Sun Tire, Inc. In addition, the corporation entered into a written agreement with the Arlington Bank not to encumber or transfer the same real estate described in the mortgage to Five Points Guaranty Bank, foreclosed in this proceeding. The agreement not to encumber or transfer was duly recorded.
Second, on May 14, 1973, Sun Tire, Inc. gave a written option to appellant Svend O. Hansen, to purchase the same real estate covered by the Five Points Bank's mortgage and the agreement not to encumber or transfer property given Arlington Bank. The option was duly recorded.
Third, on November 12, 1974, Sun Tire, Inc. executed a note and security agreement in favor of Arlington Bank to liquidate certain loans by the bank. Additionally, R.W. Grace and Dorothy C. Grace, his wife, as individuals, executed a real estate mortgage to Arlington Bank on the same property mentioned above. However, in the body of the instrument Sun Tire, Inc. was designated "mortgagors". The mortgage was duly recorded.
Fourth, on June 25, 1975, Sun Tire, Inc., grantor, executed and delivered a warranty deed to appellant, Hansen, as grantee to the property described in the option to purchase. The deed was recorded.
The basic points before us are:
(1) Whether the first agreement and covenant not to transfer real estate to appellee, Arlington Bank, dated January 26, 1973, was an equitable mortgage or lien.
(2) If not, did the second security note to Arlington Bank together with an improperly executed mortgage on real estate, subsequent *964 to the Hansen option, create an equitable mortgage superior to appellant, Hansen's, earlier option to purchase and later warranty deed conveying title to him.
The first point is one of first impression in Florida. The appellee places reliance upon Coast Bank v. Minderhout, 61 Cal.2d 311, 38 Cal. Rptr. 505, 392 P.2d 265 (1965) where the California Supreme Court had a similar situation before it. It held that the agreement not to transfer or encumber created a security interest resulting in an equitable mortgage.
It appears from careful consideration of the opinion the court noted that the instrument creating the debt described it "For use with Property Improvement Loan". Too, the pleadings admitted that the parties intended to create a security interest in the property. Coast, on the facts, presents a distinction from the case before us. We have only the face of the instrument to examine and reach a conclusion. The transaction by way of a bank loan does not in itself create a security interest in property. An equitable lien results "* * only when the intention to offer the land as security for the debt is clearly apparent." Fisher v. Safe Harbor Realty Co. (S.Ct.Del.) 38 Del. Ch. 297, 150 A.2d 617. We are further impressed with the Delaware opinion observing that the negative covenant not to encumber was not "an unequivocal manifestation to secure a debt by a lien on land." (P. 620)
Accordingly, we hold that the bare language of the instrument held by Arlington Bank does not sufficiently indicate an intention to make the real property security for the debt.
We next give attention to the relationship and priority of the appellant's option to purchase real estate and the later mortgage to appellee, Arlington Bank, covering the property.
The record indicates that the title to the real estate was at the time of the two transactions mentioned in Sun Tire, Inc., a corporation.
It is the position of the appellant, Hansen, that his option to purchase the property created an interest in the land. Further, as a recorded instrument the option was binding on subsequent creditors, including Arlington Bank. Also, the later mortgage to Arlington was invalid because of improper execution.
We have reviewed the Florida cases cited in the briefs. State Road Dept. v. Tampa Bay Theaters, Inc., (Fla.App.2d), 208 So.2d 485 (1968); Denco. Inc. v. Belk (Fla.) 97 So.2d 261 (1957); Fla. Yacht Club v. Renfroe, 67 Fla. 154, 64 So. 742 (1914); Welch v. Gray Moss Bondholders Corp., 128 Fla. 722, 175 So. 529 (1937), all involve an option where there was an existing possessory interest as an incident to option. Each holds that the option in question was an interest in the land.
In Mathews v. Kingsley, (Fla.App.2d) 100 So.2d 445 (1958), the Second District, distinguishing between an option and a contract of sale, held that the former gives no equitable interest in the real estate until the option to purchase is exercised by the optionee. The authority for its conclusion is Wolfle v. Daugherty, 103 Fla. 432, 137 So. 717. The Third District Court of Appeal in Feemster v. Schurkman, (Fla.App.3rd), 291 So.2d 622, held that an option to create a mortgage created a valid interest and is an encumbrance upon real estate where recorded prior to another mortgage. It was in "equity and good conscience" superior in time and right although there was no debt in existence.
No Florida case has been called to our attention which holds that a naked option to purchase land standing alone creates an equitable interest in the real estate.
As indicated herein, after the Hansen option was executed and recorded the Arlington Bank received a second security note and a mortgage upon the real estate described in Hansen's option to purchase. The corporation, Sun Tire, Inc., is recited as "mortgagors" in the body of the instrument. However, the mortgage was executed and acknowledged by R.W. Grace and Dorothy C. Grace, his wife, as individuals. *965 Immediately below the individual acknowledgment of Grace and wife appears a form of corporate acknowledgment with state and county blank. In the body of the acknowledgment, R.W. Grace and Dorothy C. Grace acknowledge execution as President and Secretary of Sun Tire, Inc. of the instrument and as its act and deed. There is no corporate seal affixed.
Appellant argues that the mortgage lacking proper execution by Sun Tire, Inc. is invalid and his earlier option and deed subsequent to the corporate mortgage should prevail. In so arguing he recognizes that while the improperly executed mortgage may have created an equitable lien or mortgage, Arlington Bank was on notice of Hansen's previously recorded option to purchase and thus is bound by what appears of record. Appellant concludes that the bank's interest under the defective mortgage is inferior to Hansen's interest both under the option and subsequent deed from Sun Tire, Inc.
Pursuing the argument we examine the recorded option, the notice of which is charged to appellee, Arlington Bank.
Had the bank examined the record it would have discovered that the real property described in the option is the same appearing in its later mortgage. Further, that the optionee had twenty years within which to exercise his option. That the purchase price was $10,000.00. That the option was subject to the mortgage held by Five Points Bank, the plaintiff below. That the "optionor * * agreed neither to sell, encumber, mortgage or hypothecate in any manner * *" the property "* * without the prior written consent of the optionee". Charged with notice of the contents of the valid option to purchase, the bank procured a mortgage executed without the formalities required of a corporate mortgagor.
Without saying that the Hansen option to purchase real estate created an interest in land, we hold that it was a valid encumbrance upon the real estate, the notice and terms of which were chargeable to appellee, Arlington Bank at the time its mortgage was executed. The option to purchase followed by its exercise by Hansen put legal title to the property in Hansen subject only to the mortgage of appellee, Five Points Guaranty Bank. The interest and claim of appellant, Hansen, is superior to that of appellee, Arlington Bank.
The judgment of the trial court is reversed with directions to give priority to appellant, Hansen, over appellee, American Arlington Bank in the distribution of sums remaining after the judgment and costs of Five Points Guaranty Bank.
Reversed.
McCORD, C.J., concurs.
BOYER, J., concurs specially.
BOYER, Judge, concurring specially.
I am in complete agreement with the foregoing opinion authored by Judge McLane. However, I would go even further and would hold that one acquiring a fee interest or security interest in real property with knowledge, actual or constructive, (by virtue of proper recordation) of an existing option in favor of another acquires such interest subject and subordinate to the option. It makes no difference, in my view, whether or not an option is construed as creating an interest in the land. A validly drafted and executed option is clearly an encumbrance on the land described therein and subsequent purchasers or lien holders who acquire a fee interest or lien interest in the land with knowledge, actual or constructive, of the option ought to be, and in my view are, bound thereby and subordinate thereto.