378 So.2d 95 (1979)
MANATEE FEDERAL SAVINGS AND LOAN ASSOCIATION, a Corporation Organized and Existing under the Laws of the United States, Appellant,
v.
Willie James PACE, the Palmer First National Bank and Trust Company of Sarasota, Florida, Eugene Barnes and Pauline Hodges, Appellees.
No. 79-1229.
District Court of Appeal of Florida, Second District.
December 28, 1979.
J.B. Donnelly and Clyde C. Goebel of Grimes, Goebel, Parry, Blue, Boylston & McGuire, Bradenton, for appellant.
F. Thomas Hopkins, III, of Icard, Merrill, Cullis, Timm & Furen, Sarasota, for appellees.
SCHEB, Acting Chief Judge.
Appellant, Manatee Federal Savings and Loan Association, moved for summary judgment to foreclose a mortgage. The trial court granted summary judgment to Palmer First National Bank and Trust Company of Sarasota, the nonmoving party. The court concluded that an agreement not to encumber created an equitable lien against the property in favor of Palmer, and that it was superior to Manatee Federal's mortgage. We find the agreement not to encumber, standing alone, did not create an equitable lien and that summary judgment *96 was, therefore, inappropriate. We reverse.
In January 1973 Willie C. and Alfreda L. Williams obtained a loan from Palmer. As a condition, they executed an agreement not to encumber or transfer the real property described in the agreement without Palmer's consent. This agreement was recorded in Sarasota County.
In March 1973 the Williams conveyed the property described in the agreement to Willie James Pace without the consent of Palmer. Pace executed a note and purchase money mortgage in favor of Manatee Federal. This note and mortgage were also recorded in Sarasota County. Subsequently, Pauline Hodges acquired the property subject to the mortgage in favor of Manatee Federal.
After a default occurred on its mortgage, Manatee Federal instituted foreclosure proceedings against several defendants including Pace, Palmer First National Bank and Hodges. Palmer answered, claiming an interest superior to Manatee Federal's mortgage by virtue of the agreement whereby the Williams agreed not to encumber the property.
Manatee Federal moved for summary judgment under Florida Rule of Civil Procedure 1.510. In opposition, Palmer offered a copy of the agreement not to encumber and an affidavit which showed the amount due under the promissory note alleged to be secured by the agreement. The trial court did not grant Manatee Federal's motion. Based on the pleadings and supporting affidavits, however, the trial court did grant summary judgment in favor of Palmer. The basis of the court's judgment was that the agreement between Palmer and the Williams not to encumber the property created an equitable lien against it which had priority over Manatee Federal's mortgage.
Florida courts which have considered the effect of an agreement not to encumber or transfer real property have held that such an agreement does not in itself create a security interest in the property. Hansen v. Five Points Guaranty Bank, 362 So.2d 962 (Fla. 1st DCA 1978); Jefferson National Bank v. Three Way Corp., 232 So.2d 433 (Fla. 3d DCA 1970).
Whether the agreement not to encumber or transfer created an equitable lien on the property depends on whether the Williams and Palmer intended to offer the land as security for the debt. Such intent must be clearly established. Hansen v. Five Points Guaranty Bank, 362 So.2d 962 (Fla. 1st DCA 1978).
We hold that the agreement here, which merely describes the property and provides that on default the bank may declare all unpaid debts due immediately, does not, without more, create an equitable lien against the property. While such an agreement may be evidence of an intent to create an equitable lien, the question of the parties' intent must be determined from all the circumstances surrounding the transaction. Consequently, since there was an issue of intent to be resolved, summary judgment was improper in the instant case.
Accordingly, we reverse the summary judgment without prejudice to Manatee Federal's renewing its motion for summary judgment, and remand for further proceedings consistent with this opinion.
DANAHY, J., and RAWLINS, ROBERT W., Jr., Associate Judge, concur.