In re Norman SAVEL and Ida M. Savel, Debtors,

Patrick A. BARRY, Trustee, Plaintiff,

v.

Frank IPPOLITO, Defendant.

Frank IPPOLITO, Plaintiff,

v.

Norman SAVEL, Ida M. Savel, City National Bank, Patrick A. Barry, Trustee and H. Alan Tucker, Esquire., Defendants.

Bankruptcy No. 82–01402 BKC–SMW. Adv. Nos. 82–1029–BKC–SMW–A, 82–1073–BKC–SMW–A.

United States Bankruptcy Court, S.D. Florida.

April 8, 1983.

Myrna D. Bricker, Miami, Fla., for debtors.

Ira Gordon, Broad & Cassel, Bay Harbor Islands, Fla., for defendant City National Bank.

Patrick Barry, Ft. Lauderdale, Fla., for trustee.

Reggie David Sanger, Ft. Lauderdale, Fla., for plaintiff Ippolito.

H. Allan Tucker, Hollywood, Fla., for defendant Ippolito.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

This matter comes before the Court for resolution upon consolidation of two separate adversary proceedings. The Trustee brought an action pursuant to 11 *U.S.C.* § 542 to recover approximately Twenty Thousand Dollars ($20,000.00) as property of the estate. This sum represents the amount owed to the debtors pursuant to the provisions of an option contract relating to property owned by the debtors. A conveyance of the property in conformity with the option contract took place prior to the filing of debtors' petition in this matter. Due to a dispute as to priorities the funds had not been disbursed prior to the initiation of this action. Subsequently, a Complaint for Declaratory Relief, Case No. 82–1073–BKC–SMW–A, was filed asking that the Court enter a judgment determining the rights and obligations of all the parties relative to these proceeds. Prior to trial these cases were consolidated for all purposes.

The Court, having heard the testimony and examined the evidence presented, observed the demeanor of the witnesses, considered the arguments of counsel, and being otherwise fully advised in the premises, does hereby make the following findings of facts and conclusions of law.

## FACTS

Frank Ippolito (hereinafter "Ippolito") contracted to build a home for the debtors, Norman and Ida M. Savel (hereinafter "Savels") in July of 1979. The Savels could not honor the purchase price, and in consideration of a reduction in the purchase price of the home, they gave to Ippolito an option to purchase the subject property. This option contract was recorded in the public records of Broward County, Florida on September 26, 1979. A warranty deed from Ippolito to the Savels was recorded contemporaneously.

The option contract provided that Ippolito could purchase the property for the sum of Two Hundred Fifty Thousand ($250,000.00) Dollars, with Ippolito to pay to the Savels in cash the difference between that amount and the principal balance of an existing first mortgage in favor of Dade Federal Saving and Loan Association. The option contract further stated that "Owners of the subject property shall not further encumber the subject property and any attempt to do so shall be void and of no effect."

Prior to the exercise of the option in June of 1982, Ippolito's attorney conducted a title search of the subject property. This search revealed that the Savels had executed a second mortgage in favor of City National Bank of Miami (hereinafter "City") in an approximate amount of Five Hundred Thousand Dollars ($500,000.00). City's mortgage is dated May 1, 1981, and was recorded May 4, 1981. At the time of the granting of the second mortgage the attorney for City prepared a second mortgage on the Savels' home, examined title to the subject property and rendered an opinion to City as to the status of the title to the property. City's attorney reported the status of the title to the bank prior to the funding of the loan giving City knowledge of both Ippolito's option to purchase and the Savels' promise not to encumber the property contained therein. Thereafter City's attorney rendered his written title opinion to City.

Ippolito exercised his right to purchase under the option contract in June, 1982, and the property was conveyed by the Savels to Ippolito by warranty deed. This exercise of the option occurred within ninety (90) days of the Savels filing their Chapter 7 petition. The balance of the proceeds from the sale of the property, approximately Twenty Thousand Dollars ($20,000.00), is the cash above the existing First Mortgage in favor of Dade Federal. At the time of the conveyance, a dispute arose as to who was entitled to the $20,000.00. The proceeds are currently held in escrow. The Savels have abandoned any claim of right or interest to these proceeds. Ippolito also makes no claim to the proceeds presently being held in trust.

Both the Trustee and City claim superior right to these proceeds. City relies on its recorded Mortgage. The Trustee claims the right to the proceeds of sale for the estate.

## CONCLUSIONS OF LAW

■ The rights of the parties in the subject property and to the proceeds of its sale are governed by Florida law. The Florida courts have ruled that real estate option contracts, supported by valid consideration and duly recorded, create valid interests and encumbrances on real property. *State Road Dept. v. Tampa Bay Theaters, Inc.,* 208 So.2d 485 (Fla.2d DCA 1968). See *Denco Inc. v. Belk,* 97 So.2d 261, (Fla.1957); *Florida Yacht Club v. Renfroe,* 67 Fla. 154, 64 So. 742 (Fla.1914). Because such options create valid encumbrances upon real property, one that has notice of an option to purchase takes the property subject to that option, and the optionee may enforce it against third parties having notice. See *Welch v. Gray Moss Bondholders Corp.,* 128 Fla. 722, 175 So. 529 (Fla.1937).

While the above cases concern an option where there was an existing possessory interest incident to the option, the principles stated therein were extended to a bare option to purchase in *Hansen v. Five Points Guaranty Bank,* 362 So.2d 962 (Fla. 1st DCA 1978). In *Hansen,* the Court held that a recorded option to purchase real estate created a valid encumbrance upon the property, the notice and terms of which were chargeable to a subsequent mortgagee, and that the interests of the optionee were superior to those of a subsequent mortgagee. *Hansen,* 362 So.2d at 965.

■ The Court finds that City had both constructive and actual knowledge of the option agreement and its prohibition against further encumbrances. The purchaser of an interest in land is charged with notice of, and takes subject to, liens or encumbrances that are reflected in the public records. *Fla.Stat.* § 695.01 (1981).

The Court further finds that as to the rights of the optionee, Ippolito, and the subsequent mortgagee, City National Bank of Miami, the optionee has priority and takes his interest in the property free and clear of any claims or interests of the mortgagee. The issue remains, however, as to which party is entitled to share in the proceeds of sale.

Since Ippolito nor the Savels claim an interest in these proceeds, the potential recipients of these funds are the Trustee and City National Bank of Miami. The Trustee claims entitlement to these proceeds in the alternative in either the capacity as successor in interest to the property of the debtor under 11 U.S.C. § 541 or as lien creditor and successor to certain creditors and purchasers under 11 U.S.C. § 544.

The evidence demonstrates that City National had undertaken a title review and was given a verbal title report by its agent prior to closing on the loan transaction or recording its mortgage and is therefore charged with full knowledge of the option agreement and its specific terms.

The Court finds that the option agreement and the restriction contained therein was a valid and effective agreement, that City National Bank of Miami was charged with knowledge of this prior to the recording of its mortgage. City National thereby assumed the risk that in the event that the option was exercised, City National's rights to have a second lien on the property and any proceeds thereof would be extinguished

and become null and void. The Court finds that the option was exercised and that upon the exercise of the option, the option's provision prohibiting further encumbrances was effective to extinguish any right or claim in either the property or the proceeds on the part of City National Bank of Miami.

The Court finds that the Trustee in his capacity as a hypothetical lien creditor pursuant to § 544 is entitled to the turnover of the Twenty Thousand Dollar ($20,000.00) proceeds pursuant to its adversary complaint and thus need not address the issue of whether the Trustee would also succeed to the proceeds under Section 541. The Trustee shall recover as property of the estate the remaining proceeds from the option contract.

The Court will enter a separate Final Judgment in conformity with these Findings of Fact and Conclusions of Law.