629 So.2d 963 (1993)
Richard HAISFIELD, Marc J. Haisfield, Randy Haisfield, as successor trustee under the Haisfield Children's Trust, as sole partners of Haisfield Enterprises of Florida, Appellants,
v.
ACP FLORIDA HOLDINGS, INC., et al., and Peabey Associates et al., Appellees.
No. 91-2630.
District Court of Appeal of Florida, Fourth District.
December 22, 1993.
Classification and Rehearing Denied February 8, 1994.
*964 F. Martin Perry of Perry, Shapiro & Miller, P.A. and Russell S. Bohn of Edna L. Caruso, P.A., West Palm Beach, for appellants.
Alberto A. Macia and Jay D. Schwartz of Shea and Gould, Miami, for appellees.

ON MOTION FOR REHEARING
ROSS, DALE, Associate Judge.
Appellants, RICHARD HAISFIELD, et al., referred to herein as HAISFIELD, challenge a final judgment entered by the trial court in favor of the Appellees, ACP FLORIDA HOLDINGS, INC., et al., referred to herein as PEABEY. On Motion for Rehearing and Clarification, this court substitutes the following opinion for the original opinion of May 5, 1993.
On July 18, 1988, Haisfield entered into a contract to purchase real property from Peabey for the purchase price of $16,000,000. During the inspection period, Haisfield discovered that one of the anchor tenants was moving out. Believing this would effect the value of the property, Haisfield argued that he was entitled to a $300,000 reduction of the purchase price. Peabey refused and advised Haisfield that they could either buy the property at the agreed upon price or terminate the contract and receive a full refund of the deposit.
*965 Subsequently, Haisfield filed suit against Peabey on September 26, 1988, seeking specific performance of the contract, damages for fraud and an abatement in the purchase price. Three days later, Haisfield filed a notice of lis pendens against the subject property. Haisfield, as principal, and State Farm, as surety, filed a lis pendens bond in the amount of $2,500,000. Peabey moved to have the lis pendens dissolved, and on May 30, 1989, the trial court entered a Final Judgment on the Pleadings against Haisfield. The judgment also dissolved the notice of lis pendens. This court affirmed in Haisfield v. Peabey Assoc., 569 So.2d 454 (Fla. 4th DCA 1990), and issued its mandate on November 30, 1990.
Meanwhile, Peabey filed suit against Haisfield seeking declaratory judgment that Haisfield breached the real estate contract and thereby forfeited his deposit. Peabey prevailed on summary judgment in this matter and Haisfield again appealed the case without success. See Haisfield v. ACP Florida Holdings, Inc., 567 So.2d 442 (Fla. 4th DCA 1990).
Peabey then moved to enforce liability against Haisfield and State Farm as surety for wrongful filing of notice of lis pendens, alleging that the notice was filed in bad faith and that it resulted in damages exceeding the bond amount of $2,500,000.
The trial court entered judgment finding that the lis pendens had been wrongfully filed and recorded by Haisfield causing damages to Peabey of $5,552,205.25 plus $445,393.34 in interest from November 30, 1990 to the date of entry of the Final Judgment. The court also found that as a result of Richard Haisfield's "bad faith" filing of the wrongful lis pendens, Richard Haisfield could not limit his liability to the amount of the lis pendens bond of $2,500,000, but would instead be liable for the full amount of the $5,997,598.59 judgment.
At the hearing on Peabey's motion, the trial court stated it would calculate damages based upon a lost profit theory. It calculated damages by subtracting the value of the property on November 30, 1990, from the contract price negotiated with a third party and to that added attorney's fees, maintenance expenses, and 12% prejudgment interest.
There is no body of law in the State of Florida as to the proper method of calculating damages for a wrongful filing of a lis pendens. Other states, however, have addressed the issue.
In Bell v. King, Phipps & Assoc. P.C., 176 Ga. App. 702, 337 S.E.2d 364 (1985), the court explained a lis pendens technically does not prevent the sale of the property, nor is it a lien on the property. In Hallmark Mfg., Inc. v. Lujack Const. Co., 372 So.2d 520 (Fla. 4th DCA 1979), this court stated that a lis pendens clouds an owner's title and constrains her right of alienability. It is conceivable, but doubtful, that a seller could sell the property at a profit should market conditions (or otherwise) warrant. Undeniably, it would seem folly to attempt to resell property encumbered with a notice of lis pendens.
Nevertheless, California courts have determined that damages are available for the wrongful filing of a lis pendens if a wronged seller shows diligent, yet unsuccessful, attempts to resell the property after the buyer breached the agreement. Askari v. R & R Land Co., 179 Cal. App.3d 1101, 225 Cal. Rptr. 285 (1986). In Askari, the court noted the seller's testimony that efforts to sell proved fruitless because real estate brokers refused to accept the listing with the lis pendens. 179 Cal. App. at 1105, 225 Cal. Rptr. at 288.
The Askari court held that the correct method of assessing damages for the wrongful filing of a lis pendens is to compare the difference between the fair market value of the property at the time of filing of the lis pendens with its fair market value at the time of its termination. This method was also used in the case of CMSH Co., Inc. v. Antelope Development, Inc., 223 Cal. App.3d 174, 272 Cal. Rptr. 605 (1990). The Askari court explained:
If the property is lower in value when the lis pendens is lifted, the buyer may have to pay more damages. This rule is not intended to penalize a buyer who files a lis pendens. Changing conditions in the real estate market may work to the buyer's benefit or to his disadvantage. For *966 example, if the property has increased in value when the lis pendens is lifted, the damages the buyer must pay are accordingly reduced. In some cases the buyer may pay no damages. The buyer's damages are subject to change because the filing of a lis pendens does not place valuation of the property in a state of suspended animation.
Askari, 225 Cal. Rptr. at 292.
This court adopts the Askari standard as the proper method of measuring damages for the wrongful filing of a lis pendens. Peabey's damages, therefore, should be determined by applying the fair market value on September 29, 1988, the date the lis pendens was filed, against its fair market value at the time the lis pendens was terminated on November 30, 1990.[1] A notice of lis pendens is normally effective for a one year period beginning from the date of commencement of the action. See § 48.23(2), Fla. Stat. (1991). This period, however, does not include the time such action is pending on appeal. See § 48.23(4). In Hough v. Stewart, 543 So.2d 1279, 1281 (Fla. 5th DCA 1989), for example, the court explained that the one-year life of a lis pendens was tolled during pendency of appeal pursuant to § 48.23(4) even though the appeal was from a non-final order striking the notice of lis pendens. In the present case, the life of the notice of lis pendens extended to November 30, 1990, as a result of Haisfield's appeal.
We reverse and remand for the proper determination of damages.
In order to sustain a claim for consequential damages arising out of wrongful lis pendens, a wronged seller must show a diligent yet unsuccessful attempt to resell the property after the buyer breached the agreement. Askari v. R & R Land Co., 179 Cal. App.3d 1101, 225 Cal. Rptr. 285 (1986). The Askari court ordered on remand that the trial court make findings concerning the seller's diligence in attempting to resell the property in order to properly calculate damages. Although there is no clear rule on what constitutes "diligent attempt to resell property" or how many attempts to resell constitute diligent effort, the Askari court held that the trial judge should consider intent of the vendor to sell property, the vendor's efforts to effect a sale and effect of notice of lis pendens upon the vendor's resale attempts. In the present case, the trial court correctly recognized that Peabey attempted to sell the property during the lis pendens period by entering into a bona fide contract to sell the property to IPF, a third party, which was ready, willing and able to pay $17,600,000 for the property. However, the sale to IPF did not close because of Haisfield's recorded notice of lis pendens. Applying the rationale of the Askari court, Peabey intended to sell the property, entered into negotiations and a subsequent contract to sell the property and would have succeeded in his attempts, but for the notice of lis pendens on that property. The trial court found that the contract to resell the property was bona fide, and there is substantial, competent evidence in the record to support that finding. Ironically, Haisfield, true to his threats, accomplished exactly what he intended  "to tie up the property" and prevent Peabey from selling it "for years." Based on specific facts of the present case, it is safe to conclude that Peabey's diligent attempts to resell the subject property were thwarted by the notice of lis pendens, thereby entitling him to consequential damages.
The trial court awarded Peabey $1,245,554 in expenses for preservation and maintenance of the property during the life of the lis pendens. The court in Askari allowed a seller to recover expenses incurred in the ownership and operation of the property after the time of breach where these expenses were "the natural consequence of the breach." The trial court needs to make a factual determination as to the fair market value of the property at the time of filing lis pendens and compare it to what the value of the property was at the time of the lifting of lis pendens. If the property declined in value, the award of operating expenses is proper, *967 since the owner could have sold the property to the bona fide purchaser and thus, not have incurred these expenses. If the property increased in value, the court must then determine if the property was being run at a net operating gain or loss. If the property was being run at a net operating gain, there would be no damages awarded for expenses, since the owner of the property would benefit in the increased valuation of the property and would have had to bear these expenses as a normal incident of ownership. If the property was operating at a net operating loss, which loss would have terminated upon the sale of the property, such loss could be recovered as part of damages.
The trial court should also determine whether all operating expenses were necessary to the maintenance and preservation of the property during the lis pendens existence and whether these damages were the result of the lis pendens.
Although Haisfield argues that much of Peabey's claimed expenses were capital expenditures, improperly characterized as maintenance costs, Haisfield failed to preserve this issue for appellate review since he failed to object to the evidence of the expenses on the ground that they were capital expenses. As such, the issue is waived for purposes of this appeal. Dober v. Worrell, 401 So.2d 1322 (Fla. 1981).
The trial court's award of 12% prejudgment interest is affirmed. Under Argonaut Ins. Co. v. May Plumbing Co., 474 So.2d 212 (Fla. 1985), where a verdict liquidates damages as of a date certain (when plaintiff's out-of-pocket, pecuniary losses become certain), the plaintiff is entitled to prejudgment interest from the date of loss. See also Thomas v. Toth, 539 So.2d 8 (Fla. 2d DCA 1989). In the present case, the date of loss was the date of termination of the lis pendens, which is November 30, 1990. Therefore, Peabey is entitled to 12% prejudgment interest from November 30, 1990.
The trial court's award of attorneys fees is also affirmed. In Saporito v. Madras, 576 So.2d 1342 (Fla. 5th DCA 1991), the Fifth District Court of Appeal following the trend of decisions upholding awards of attorney's fees as damages in suits to quiet title or to remove a cloud from title, held that "attorney's fees incurred in removing a lis pendens and clearing title to property is a recoverable element of damages in a proceeding to recover on a lis pendens bond." Therefore, the trial court properly awarded attorney's fees incurred in removing the lis pendens and clearing title, which is a recoverable element of damages.
STONE and POLEN, JJ., concur.
NOTES
[1] November 30, 1990 is the date this court affirmed the judgment on the pleadings against Haisfield discharging and dissolving the lis pendens. Haisfield v. Peabey Assoc., 569 So.2d 454 (Fla. 4th DCA 1990).