WARNER, Judge.
In this appeal, the appellant contends that the trial court erred in refusing to conduct an evidentiary hearing on remand in accordance with this court’s decision in Haisfield v. ACP Florida Holdings, Inc., 629 So.2d 963 (Fla. 4th DCA 1993), which reversed the original final judgment in this case. Instead, on remand the trial court incorporated the findings of fact from the original final judgment. Based on our prior opinion, we affirm in part and reverse in part.
We need not recite all of the facts of this case involving an improperly filed lis pendens as they may be gleaned from our prior opinion. The issue in dispute in our last opinion was the proper measure of damages for the filing of a wrongful lis pendens. This court adopted the measure of damages set forth in Askari v. R & R Land Co., 179 Cal.App.3d 1101, 225 Cal.Rptr. 285 (Cal.Ct.App.1986). Under this rule, the injured party’s damages *1050 would be the difference between the fair market value of the property on the date the lis pendens was recorded and the date it was terminated. In addition, we also determined that the seller could recover expenses incurred in the ownership and operation of the property at the time of the breach, where these expenses were “the natural consequence of the breach.” We instructed the trial court to make factual determinations of the fair market value of the property on the relevant dates:
If the property declined in value, the award of operating expenses is proper, since the owner could have sold the property to the bona fide purchaser and thus, not have incurred these expenses. If the property increased in value, the court must then determine if the property was being run at a net operating gain or loss. If the property was being run at a net operating gain, there would be no damages awarded for expenses, since the owner of the property would benefit in the increased valuation of the property and would have had to bear these expenses as a normal incident of ownership. If the property was operating at a net operating loss, which loss would have terminated upon the sale of the property, such loss could be recovered as part of damages.
The trial court should also determine whether all operating expenses were necessary to the maintenance and preservation of the property during the lis pendens existence and whether these damages were the result of the lis pendens.
Haisfield, 629 So.2d at 966-67. On remand, the parties appeared before a successor judge, who denied the appellant’s request for an evidentiary hearing and instead made determinations based upon the findings in the original final judgment. In the original judgment, the court had made findings as to the fair market values on the dates specified in our opinion. It also found that the appellees had incurred $1,245,554 in “net expenses” necessary to preserve and maintain the property during the effective life of the wrongful lis pendens. The successor judge awarded the appellees both the difference in the fair market value of the property between the date of the filing and the date of removal of the lis pendens as well as the “net operating expenses.”
The appellant contends that on remand the trial court did not follow this court’s instruction to conduct an evidentiary hearing for the purpose of making the specific factual findings as directed. This court, however, remanded for “the proper determination of damages.” Haisfield, 629 So.2d at 966. We did not expressly require a new evidentiary hearing. Generally, a trial court on remand has broad discretion in handling further proceedings. See Lucom v. Potter, 131 So.2d 724 (Fla.1961). In this ease, the trial court was presented with two issues. The first was to determine the loss of value measured by the difference in the fair market value between the dates of the filing of the lis pendens and its discharge. The original trial judge had made this determination. In his briefs in the prior appeal, the appellant even suggested that the only permissible measure of damages was the sum the successor judge actually awarded. Given these circumstances, we hold that the trial court did not evade this court’s mandate or abuse its discretion in readopting the factual findings of the original final judgment.
With respect to the determinations required by this court on the issue of recovery of the net operating losses, we reach a different conclusion. Our direction to the trial court was to determine what the net operating expenses incurred by the appellees were, to “determine whether all operating expenses were necessary to the maintenance and preservation of the property during the lis pendens existence and whether these damages were the result of the lis pendens.” Haisfield, 629 So.2d at 967. In their motion to enforce the mandate, appellees contended that all of the findings had been made by the predecessor judge. Based on the motion, and without taking any further evidence, the trial court entered the final judgment that is now on appeal. However, in entering the final judgment, the trial court added one crucial word not contained in the original final judgment. The original final judgment found $1,245,554 in “net expenses.” On remand, the language of the final judgment *1051 was changed to “net operating expenses” (emphasis supplied). In contrast, the appel-lees had argued to the original trial judge that they were entitled to recover their negative cash flow on the property. The testimony at trial showed that a substantial amount of the “net expenses” appear to be for capital improvements including substantial building renovations. The successor trial judge did not make a determination as to whether these expenses were “net operating expenses” within the measure of damages we approved. Since the original trial judge did not apply the measure of damages that we adopted in our prior opinion as to the expenses incurred, the appellant should be given an opportunity to address the proper measure of damages.[1] We therefore remand for a hearing on the issue of the net operating expenses incurred by appellees, consistent with our prior opinion.
Affirmed in part, reversed in part, and remanded for further proceedings.
GLICKSTEIN and SHAHOOD, JJ., concur.

. In our prior opinion, we stated that the issue of whether the appellees’ claimed expenses were capital expenditures improperly characterized as maintenance costs had been waived by appellant for the purposes of that appeal. Haisfield, 629 So.2d at 967. However, in light of our clarification of the proper measure of damages, on remand the trial court must necessarily consider what expenses comprise "net operating expenses."