724 So.2d 728 (1999)
JOGE INVESTMENTS, INC. f/k/a Joge Investments, N.V., a Netherlands Antilles Corporation and Alina Investments, Inc. f/k/a Alina Investments, N.V., a Netherlands Antilles corporation, Petitioners,
v.
MILLENNIUM CAPITAL, Palmetto Gardens, LLC, a Maryland Limited Liability Company and Marcus & Millichap, Incorporated of Florida, Respondents.
No. 98-1831
District Court of Appeal of Florida, Third District.
February 10, 1999.
Wayne Kaplan, Boca Raton, for petitioners.
Kluger, Peretz, Kaplan & Berlin and Alan J. Kluger, Miami, for respondents.
Before NESBITT, JORGENSON, and SORONDO, JJ.

Corrected Opinion
PER CURIAM.
The petitioners, Joge Investments, Inc. ("Joge") and Alina Investments ("Alina") are seeking review of an order denying their motion to discharge a lis pendens. For the reasons below, we grant the petition for certiorari, and reverse.
The respondents, Southern Palmetto Gardens ("Palmetto Gardens"), and Millennium Capital, filed a complaint against Joge, Alina, and Marcus & Millichap, alleging; Count I, breach of implied contract; Count II, tortious interference; Count III, acting in concert; Count IV, tortious interference; and Count V, specific performance of a unilateral contract. Count V alleged that a oral unilateral contract was entered into between Palmetto Gardens and Joge and Alina, whereby Palmetto Gardens placed a $50,000 deposit in escrow and signed a purchase and sale agreement to purchase the property. The agreement in question was sent to Joge and Alina with a letter from Palmetto Gardens' attorney which stated: "the Purchaser's offer *729 to purchase the Property will expire on Monday, April 27, 1998."
The respondents filed and recorded a notice of lis pendens against the property. The petitioners filed a motion to discharge the lis pendens; this motion was denied and no bond was set. No evidentiary hearing was held on the issue of bond.
Section 48.23(1)(a), Florida Statutes (1997), requires that a notice of lis pendens contain "the names of the parties, the time of institution of the action, the name of the court in which it is pending, a description of the property involved or to be affected, and a statement of the relief sought as to the property." See also Dunn v. Stack, 394 So.2d 1076, 1077 (Fla. 1st DCA 1981). The notice in this case does not contain the time of institution of the action and does not make a proper statement of relief sought. It refers to specific performance of a contract, attached as Exhibit A of the complaint; however, Exhibit A of the complaint is merely a description of the real estate. "The general rule is that lis pendens is notice of all facts apparent on the face of the pleadings and such other facts as the pleadings would necessarily put the purchaser on inquiry and of the contents of exhibits filed and proved if they are pertinent to the matter in issue or the relief sought." DePass v. Chitty, 90 Fla. 77, 105 So. 148, 150 (1925). Because the Respondents failed to comply with the statute, the notice is fatally defective and the lower court erred in failing to grant the motion for discharge.
Therefore, we grant the petition for writ of certiorari and reverse the denial of the motion to discharge the lis pendens. We note that if the Respondents properly refile the notice, an evidentiary hearing on the issue of bond must be afforded. See Licea v. Anllo, 691 So.2d 29, 30 (Fla. 3d DCA 1997); see also O'Neill v. Linares, 705 So.2d 699, 699 (Fla. 3d DCA 1998); Feinstein v. Dolene, Inc., 455 So.2d 1126, 1128 (Fla. 4th DCA 1984).