STRINGER, Judge.
This is an appeal of a final order awarding attorney’s fees and costs against Appellant, Tampa Bay 1, L.L.C (Tampa Bay 1). For the following reasons, we affirm in part and reverse in part the award of attorney’s fees and costs.
Tampa Bay 1 filed suit on November 1, 2000, against Appellees, Lorello Cypress Family, L.P., and Joseph W. Lorello, Jr., seeking specific performance and damages for breach of contract based upon a purchase option agreement for the sale of real estate. Simultaneously filed with Tampa Bay l’s complaint was a notice of lis pen-dens. The complaint alleged that on October 6, 1999, Jenne Corporation, a Florida corporation, and Appellees entered into a written lease agreement providing for the lease of certain real property. Paragraph 17 of the lease agreement contained a purchase option for the subject real property. The complaint alleged that Jenne Corporation assigned its rights under the lease agreement to Tampa Bay 1, and Tampa Bay 1 sought to execute the purchase option contained in the lease. Appellees refused to accept payment from Tampa Bay 1 for the property.
On November 8, 2000, Appellees filed a motion to discharge notice of lis pendens. Appellees alleged that Tampa Bay 1 never obtained a proper consented-to assignment from Jenne Corporation and that the notice of lis pendens failed to comply with the provisions of section 48.23(l)(a), Florida Statutes (2000). A hearing was held on the motion on November 14, 2000. The trial court orally granted the motion and discharged the lis pendens finding that the notice of lis pendens failed to state the time of institution of the action and failed to make a proper statement of the relief sought. However, a written, order was not entered until May 1, 2001.
Shortly after the hearing on the motion to discharge notice of lis pendens, Tampa Bay 1 and Appellees' agreed to close the real estate sale. As a result of the parties’ completing the real estate sale, Tampa Bay 1 filed a release of lis pendens. During the interim period between the trial court’s oral pronouncement of its ruling granting the motion to discharge notice of lis pendens and the entry of its written order, Appellees filed a motion for award of attorney’s fees and costs to be assessed against Tampa Bay 1 and Tampa Bay l’s counsel based on section 57.105, Florida Statutes (2000). Subsequently, Appellees filed an amended motion for award of attorney’s fees based on Haisfield v. ACP Florida Holdings, Inc., 629 So.2d 963 (Fla. 4th DCA 1993). After a hearing on the motion, the trial court- granted' Appellees’ amended motion for award of attorney’s fees and costs finding that Appellees were entitled to attorney’s fees under section 57.105 and the Haisfield decision.
This court reviews an order denying a motion for attorney’s fees and costs for an abuse of discretion. Dep’t of Transp. v. Kisinger Campo & Assocs., Corp., 661 So.2d 58, 59 (Fla. 2d DCA 1995). Section 57.105 provides in part:
(1) Upon the court’s initiative or motion of any party, the court shall award a reasonable attorney’s fee to be paid to the prevailing party in equal amounts by the losing party and the losing party’s attorney on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing party or the losing party’s attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial:
*436 (a) Was not supported by the material facts necessary to establish the claim or defense; or
(b) Would not be supported by the application of then-existing, law to those material facts.
§ 57.105(l)(a), (b), Fla. Stat. (2000). The trial court found that at the time of filing the lis pendens, Tampa Bay 1 knew or should have known that the lis pendens was not supported by the material facts necessary to establish the right to file the lis pendens and -that the lis pendens was not supported by the then-existing applicable law. The trial court reached this conclusion based upon its finding that the notice of lis pendens was facially insufficient because the notice did not contain the time of institution of the action and did not make a proper- statement of the relief sought. The trial court cited the Third District case, Joge Investments, Inc. v. Millennium Capital, 724 So.2d 728 (Fla. 3d DCA 1999), in support of its ruling.
Section 48.23(l)(a) requires that a notice of lis pendens contain “the names of the parties, the time of institution of the action, the name of the court in which it is pending, a description of the property involved or to be affected, and a statement of the relief sought as to the property.” In Joge Investments, Inc., the Third District reversed' the denial of a motion to discharge a lis pendens holding that the notice of lis pendens was facially defective. Id. at 729. In addition to finding that the notice of lis pendens failed to contain the time of institution of the action, the court concluded that the notice did not contain a proper statement of the relief sought. The statement of the relief sought in the notice referred to specific performance of the contract attached as exhibit A of the complaint; however, exhibit A' of -the complaint was merely a description of the property. Id.
Even if we were to assume that section 57.105 would authorize an award of attorney’s fees where the plaintiff filed a facially defective notice of lis pendens, we conclude that the award of attorney’s fees in this case was improper because the notice was facially sufficient. The notice of lis pendens contained the date the complaint was filed. Additionally, the notice of lis pendens contained a statement that the relief sought in the complaint was for specific performance regarding the sale of the property that was described in the notice. We find that these provisions, along with the other facts contained in the notice, were sufficient to satisfy the requirements of section 48.23(l)(a). Accordingly, the trial court abused its discretion in determining that the notice of lis pendens was not supported by the necessary material facts or then-existing applicable law.
 Tampa Bay 1 also asserts that the trial court erred in determining that Appellees were entitled to attorney’s fees based on Haisfield, 629 So.2d 963. The general rule is that attorney’s fees- are recoverable only when authorized by contract, statute, or when an attorney creates or brings a fund or other property into the court. Kittel v. Kittel, 210 So.2d 1, 3 (Fla.1967). Appellees do not dispute that there is no contractual or statutory basis for the attorney’s fee award in this ease. Appellees, .however, argue that Haisfield authorizes the award of attorney’s fees after the successful discharge of a notice of lis pendens. We disagree.
In Haisfield, the . plaintiff filed suit against the defendant property owner seeking specific performance of a real estate sales contract. Haisfield, 629 So.2d at 965. The plaintiff filed a notice of lis pendens and a surety bond in the amount of $2,500,000. The trial court entered final judgment against the plaintiff and discharged the notice of lis pendens. The *437 defendant then sued to recover on the surety bond. The trial court entered a judgment in favor of the defendant awarding damages including attorney’s fees. As to the attorney’s fees award, the Fourth District concluded that the award was proper. The Fourth District cited Saporito v. Madras, 576 So.2d 1342 (Fla. 5th DCA 1991), as establishing that attorney’s fees incurred in removing a lis pendens and clearing title to property are a recoverable element of damages.
The Fifth District, in Saporito, held that an award of attorney’s fees incurred in removing a lis pendens and clearing title to property is a recoverable element of damages in a proceeding to recover on a lis pendens bond. The Fifth District based its decision primarily on the Florida Supreme Court’s decision in National Surety Co. v. Willys-Overland, Inc., 103 Fla. 738, 138 So. 24, 25-26 (1931), which stated that “[i]t appears conceded that a reasonable attorney’s fee incurred in procuring the dissolution of an injunction is an element of damages covered by the surety bond.”
We find that Saporito and Haisfield are both distinguishable from this case. In both cases, the property owners sought recovery from a surety bond obtained to compensate for damages resulting from the filing of the notice of lis pendens. Due to the absence of a surety bond in this case, we do not find Saporito and Haisfield controlling. Instead, we are guided by Wagner v. Birdman, 460 So.2d 463 (Fla. 3d DCA 1984), which denied an award of attorney’s fees after the discharge of a lis pendens because there was no statutory authority for such an award.
We reverse that portion of the trial court’s order which awarded attorney’s fees to Appellees. Because Tampa Bay 1 failed to appeal the order discharging the notice of lis pendens, we affirm that portion of the trial court’s order awarding costs.
Affirmed in part and reversed in part.
CASANUEVA and SALCINES, JJ., concur.