959 So.2d 758 (2007)
NESS RACQUET CLUB, LLC, etc., et al., Petitioners,
v.
RENZI HOLDINGS, INC., etc., et al., Respondents.
No. 3D07-1110.
District Court of Appeal of Florida, Third District.
May 23, 2007.
*759 Richard and Richard, and Dennis Richard, Laurel W. Marc-Charles, Miami, and Michael R. Tolley, for petitioners.
Arnaldo Velez, Coral Gables; Thomas K. Equels, Miami, for respondents.
Before GREEN, SHEPHERD, and LAGOA, JJ.
SHEPHERD, J.
Petitioners, Ness Racquet Club, LLC, et al., (Ness), seek certiorari review of a trial court order denying their motion to discharge a lis pendens filed by Respondent Renzi Holdings, Inc., et al., (Renzi), against property owned by Ness. We grant the petition for certiorari,[1] and order the discharge of the lis pendens effective upon issuance of this opinion.
In July 2005, Renzi affiliate, Renzi Acquisitions, LLC, entered into an agreement with Racquet Club Towers, LLC, to purchase property known as the Racquet Club Property for developmental purposes. On September 3, 2005, Renzo Renzi and Pasquale Renzi each assigned their fifty-percent interest in Renzi Acquisitions to Ness. On September 15, 2005, the sale closed and Ness became the owner and legal titleholder of the property.
*760 On September 13, just two days before the Ness purchase was consummated, a Ness affiliate, Venes Holdings LLC (Venes) executed a "Racquet Club Project Agenda" with yet another Renzi affiliate, "Renzi Development." For purposes of this petition, the parties treat this "Agenda" as an enforceable agreement. The "Agenda" provides that
Venes Holdings LLC ("Venes"), through its affiliate, Ness Racquet Club, LLC, will be the owner of the land.
* * *
As compensation for Renzi's contribution to the Project, the latter will receive a 50% share of the Project's net profit
The agreement continues that the following development services for the project, all subject to the approval of Venes:
 Act as construction manager for the project.
 Provide the owner a construction budget, for owner's approval.
 Obtain and guarantee any loans required.
 Substantially complete the project within 24 months of the owner acquiring the property.
Sometime after the Ness closing and the execution of the "Agenda," differences developed between Venes, Ness and Renzi resulting in Ness terminating Renzi Development. Ness initiated the action below, suing Renzi and its principals, Renzo and Pasquale, for publicly holding out Renzi as owner and legal titleholder of the property, and offering the condominium units being constructed on the property for sale when it had no authority do so. Renzi countered with a three count counterclaim based upon the "Agenda." Count I seeks injunctive relief "restoring Counterplaintiffs to their position in charge of construction of the Racquet Club Project;" Count II seeks a declaratory judgment that "the Counterplaintiffs have equitable rights with regard to the Racquet Club Property;" Count III seeks damages for breach of contract.
On March 2, 2006, Renzi filed its first lis pendens against the Property. Shortly thereafter, Renzi voluntarily discharged this lis pendens in the face of a motion to discharge filed by Ness. On June 14, Renzi filed a second lis pendens, again voluntarily discharging when pursued by another motion to discharge. The instant lis pendens was filed February 22, 2007, and, according to sworn testimony by Ness representatives, threatens a significant pending financing transaction. On April 27, 2007, the trial court entered an order on Ness' most recent motion to discharge, that the lis pendens will "automatically dissolve" on June 5, 2007, unless a substantial bond is posted by Renzi on or prior to that date. It appears, unfortunately, that the June 5 deadline follows eight days after Ness' financing commitment expires.
Lis pendens in Florida is governed by section 48.23 of the Florida Statutes. "Unless the initial pleading shows that the action is founded on a duly recorded instrument, the effect of the filing is limited to one year, and the court has the power to `control' the notice by discharging it, or requiring the party seeking to file a lis pendens to post a bond." Avalon Assoc. of Delaware Ltd. v. Avalon Park Assoc., Inc., 760 So.2d 1132, 1134 (Fla. 5th DCA 2000)(citing § 48.23(2), Fla. Stat.). Here, Renzi concedes that there is no recorded instrument on which it can claim any interest in the property. Its argument is based solely upon the unrecorded agreement executed by it and Venes. This agreement does not support the recording of a lis pendens against the property.
*761 It is well settled that in the absence of a duly recorded instrument, where there is no "direct claim cognizable under the law against or upon the . . . property burdened by the lis pendens," "no lis pendens may be asserted under any conditions against the realty. . . ." Sunrise Point v. Foss, 373 So.2d 438, 439 (Fla. 3d DCA 1979)(quashing order denying motion to discharge lis pendens, as a departure from the essential requirements of law); see also Powerline Dev. Corp. v. Assor, 458 So.2d 305, 306 (Fla. 3d DCA 1984)(a claim which "does not directly affect the reality itself cannot justify the maintenance of a lis pendens upon it"). Although this court has held that "a claim for an equitable lien may support the imposition of a lis pendens," Roger Homes Corp. v. Persant Constr. Co., 637 So.2d 5, 7 (Fla. 3d DCA 1994), Lakeview Townhomes at the Calif. Club, Inc. v. Lakeview of the Calif. Club Homeowners Ass'n, 579 So.2d 290, 291 (Fla. 3d DCA 1991), an equitable lienthe only type of lien for which Renzi could contend on the facts of this case"does not exist for purely contractual services performed in connection with the sale of real property under normal conditions." Avalon Assoc. of Delaware, Ltd. v. Avalon Park Assoc., Inc., 760 So.2d 1132, 1135 (Fla. 5th DCA 2000)(citing Carter v. Suggs, 190 So.2d 784 (Fla. 1st DCA 1966)). See also Hansen v. Five Points Guar. Bank, 362 So.2d 962, 964 (Fla. 1st DCA 1978)("An equitable lien results . . . only when the intention to offer the land as security for the debt is clearly apparent.")(internal quotations omitted). Assuming, as do the parties to this case for purposes of this petition, that the "Agenda" is an enforceable agreement, it is indubitably a service agreement for the breach of which no lien may attach and which will not support the filing of a lis pendens.
The order of April 27, 2007, under review, constitutes a departure from the essential requirements of law. Hallmark Manufacturing, Inc. v. Lujack, Constr. Co., 372 So.2d 520 (Fla. 4th DCA 1979). The lis pendens under review is discharged effective upon the issuance of this opinion.
Certiorari granted.
This opinion shall take effect immediately and will not be delayed by the filing of any motion for rehearing or other post-decision motion.
NOTES
[1] An order denying a motion to discharge a lis pendens is reviewable by certiorari. See Joge Invs., Inc. v. Millennium Capital, 724 So.2d 728 (Fla. 3d DCA 1999)(reviewing order denying a motion to discharge a lis pendens); Lake Placid Holding Co. v. Paparone, 414 So.2d 564 (Fla. 2d DCA 1982).