WELLS, J.
MCZ/Centrum Flamingo I, LLC seeks certiorari review of an order denying its emergency motion to dissolve a lis pendens recorded by AIMCO/Bethesda Holdings, Inc. We have jurisdiction, grant the petition and quash the order denying the motion to dissolve. See Ness Racquet Club, LLC v. Renzi Holdings, Inc., 959 So.2d 758, 759 n. 1 (Fla. 3d DCA 2007) (“An order denying a motion to discharge a lis pendens is reviewable by certiorari.”); Ross v. Breder, 528 So.2d 64, 64 (Fla. 3d DCA 1988) (confirming that an order denying a motion to dissolve a lis pendens is reviewable by certiorari).
The instant petition stems from a lis pendens recorded in conjunction with a single count complaint in which AIMCO alleges that MCZ breached an agreement to share profits “arising from the marketing and sale” of property that AIMCO earlier sold to MCZ. Claiming that this property is the “source” from which these profits are to be paid, AIMCO seeks imposition of an equitable lien, with an accompanying lis pendens, on the property. While it is true that an equitable lien may arise from a written contract which evi *90 dences an intention to charge property with a debt or obligation (and that such a claim may support a lis pendens), the contract in this case evidences no such intent. See Blumin v. Ellis, 186 So.2d 286, 294 (Fla. 2d DCA 1966) (“An equitable lien or mortgage will arise from a written contract which shows an intention to charge or mortgage some particular property with a debt or obligation.”); see also Ness Racquet Club, 959 So.2d at 761 (confirming that a claim for an equitable lien may support a lis pendens); Hansen v. Five Points Guar. Bank, 362 So.2d 962, 964 (Fla. 1st DCA 1978) (stating that an equitable lien results only when the intention to offer land as security for a debt is clearly apparent). And although AIMCO alternatively argues that the claimed profits are part of the sale price to which it as vendor is entitled, it is contractually barred from seeking imposition of a vendor’s lien under the parties’ agreement:
16. Vendor Lien Waivers. [AIMCO] acknowledges that it waives any and all rights that it may have under Florida statutory law to file or otherwise institute a vendor’s lien ... in connection with ... payment of the Base Profit or any other Participation Payments.
Moreover, paragraph 29 of the agreement on which MCZ stakes its claim clearly provides in relevant part:
[AIMCO’s] right to [the payments at issue] does not constitute an ownership interest in all or any portion of the [the property at issue]
Because AIMCO can assert no vendor’s lien and because the contract evidences no intention to charge the property now owned by MCZ with a lien to secure payment of profits to AIMCO, no basis exists to support the lis pendens at issue. Accordingly, the petition for writ of certio-rari is granted; the order denying he motion to discharge is quashed; and the lis pendens filed by AIMCO is discharged immediately upon the issuance of this opinion.[1]

. This opinion shall take effect immediately and will not be delayed by the filing of any motion for rehearing or other post-decision motion.