SALTER, J.
The petitioners, Blue Star Palms, LLC, and Blue Star Briar, LLC (together, “Blue Star”), seek a writ of certiorari quashing a circuit court order denying their motion to dissolve a writ of lis pendens. Finding insufficient allegations and evidence of a nexus between (a) the plaintiffs/respondents’ claims against Blue Star and (b) the condominium units owned by Blue Star, we grant the writ and quash the order.

Background

The respondents, LED Trust, LLC, and Dishi & Flowman, LLC, are the plaintiffs in a circuit court action against Blue Star, the corporate parent of Blue Star, and the members/investors in Blue Star’s parent company. The respondents negotiated to become investors in Blue Star. According to the sixty-page “Complaint for Damages,” [1] Moshe Schwartz and Louis Pepper of Blue Star promised Haim Yehezkel of LED Trust and Avi Dishi of Dishi & Flow-man that they could co-invest in Blue Star’s parent company. The Blue Star entities were to be formed to purchase 289 unsold condominium units in Broward and Collier Counties from a foreclosing mortgage lender.
These negotiations were primarily verbal, and according to the allegations in the complaint, it was never contemplated that Yehezkel, LED Trust, Dishi, or Dishi & Flowman would have any ownership interest in, or lien over, the actual condominium units themselves. Further, the negotiations never culminated in a fully-signed Blue Star incorporation document or operating agreement in a form that all parties agree is operative. Nevertheless, Dishi and Yehezkel understood that they had a deal, and they alleged that the defendants breached their agreements. Paragraph 49 of the complaint alleges:
Dishi and Yehezkel had no reason to believe that their long time friend Schwartz would attempt to circumvent there [sic] agreement, which was ultimately done out of greed and spite, by his attempt to contend that the operating agreement was not executed before he reneged on the deal and by his inten *38 tional and fraudulent actions in not filing the appropriate membership information with the State of Florida to reflect the membership interests in [Blue Star’s parent company] or the membership interests in [the Blue Star entities].
The fourteen counts in the complaint build upon these and other allegations to assert causes of action for breach of the alleged agreements, violations of duties under the Florida limited liability company statutes, fraud, conspiracy to commit fraud, specific performance, and accounting. None of these theories involve claims against the underlying condominium units. Several other counts assert equitable claims for declaratory and injunctive relief, the imposition of a constructive trust or equitable lien, and specific performance. A careful reading of these allegations does not reveal, however, a discernible claim against or over the condominium units as opposed to membership interests in the limited liability companies in which the plaintiffs/respondents sought to invest.[2]
The petitioners filed a motion and memorandum seeking dissolution of the lis pen-dens, and the trial court denied the motion. The petition for certiorari followed.

Analysis

The pertinent part of the lis pendens statute, section 48.23(3), Florida Statutes (2012), provides:
When the pending pleading does not show that the action is founded on a duly recorded instrument or on a lien claimed under part I of chapter 713 or when the action no longer affects the subject property, the court shall control and discharge the recorded notice of lis pendens as the court would grant and dissolve injunctions.
A petition for writ of certiorari is the appropriate procedure to challenge the denial of a motion to discharge a notice of lis pendens. See, e.g., MCZ/Centrum Flamingo I, LLC v. AIMCO/Bethesda Holdings, Inc., 988 So.2d 89, 89 (Fla. 3d DCA 2008). “A court must dissolve a lis pendens that is based on an unrecorded document unless the proponent ‘establishes] a fair nexus between the apparent legal or equitable ownership of the property and the dispute embodied in the lawsuit.’ ” Conseco Servs., LLC. v. Cuneo, 904 So.2d 438, 439 (Fla. 3d DCA 2005) (quoting Chiusolo v. Kennedy, 614 So.2d 491, 492 (Fla.1993)). A “fair nexus” requires a “good faith, viable claim.” E.g., India Am. Trading, Co., Inc. v. White, 896 So.2d 859, 860 (Fla. 3d DCA 2005).
“A complaint which will not support a claim against the specific property at issue cannot provide a basis for tying it up by a filing of notice of lis pendens.” Lake Placid Holding Co. v. Paparone, 414 So.2d 564, 566 (Fla. 2d DCA 1982); accord Ness Racquet Club, LLC v. Renzi Holdings, Inc., 959 So.2d 758, 761 (Fla. 3d DCA 2007) (“It is well settled that in the absence of a duly recorded instrument, when there is no ‘direct claim cognizable under the law against or upon the ... property *39 burdened by the lis pendens,’ ‘no lis pen-dens may be asserted under any conditions against the realty (quoting Sunrise Point, Inc. v. Foss, 373 So.2d 438, 439 (Fla. 3d DCA 1979))). When a plaintiff can be afforded complete relief on a claim without reference to the title to the real property, a lis pendens cannot be maintained. Beefy King Int’l Inc. v. Veigle, 464 F.2d 1102, 1104 (5th Cir.1972) (“Under the Florida cases a lis pendens is proper only when the required relief might specifically affect the property in question.”).
Here, pursuant to the parties’ alleged contract, legal title to the condominium units would be held by the Blue Star entities, with any ownership interest in the properties two levels removed (as membership interests in the parent company). As in Powerline Development Corp. v. Assor, 458 So.2d 305, 306 (Fla. 3d DCA 1984), where the plaintiff alleged fraudulent transactions involving interests in a corporation, the respondents here have brought an action seeking to have their alleged membership interests in Blue Star recognized. While the respondents point to their claims for constructive trust and equitable lien to maintain the lis pendens, they have failed to show that the allegations are connected to the title of the condominium units held by Blue Star. The claims seeking a constructive trust and equitable lien request the court to enforce a lien and a constructive trust against the subsidiaries, not the specific condominium units. Accordingly, this lawsuit for damages and membership interests in the parent company does not directly affect the real estate, and a lis pen-dens cannot be maintained. See Ness Racquet Club, LLC, 959 So.2d at 761; De-Guzman v. Balsini, 930 So.2d 752, 755 (Fla. 5th DCA 2006) (“When the primary purpose of a lawsuit is to recover money damages and the action does not directly affect the title to or the right of possession of real property, the filing of a notice of lis pendens is not authorized.”); Power-line Dev. Corp., 458 So.2d at 306; Sunrise Point, Inc., 373 So.2d at 439; see also Beefy King Int’l Inc., 464 F.2d at 1104; Frank v. Ocean 1660, LLC, No. 11-62004-CIV, 2011 WL 5082137 (S.D.Fla. Oct. 26, 2011).

Conclusion

As proponents of the lis pendens, the plaintiffs/respondents failed to “establish a fair nexus between the apparent legal or equitable ownership of the property and the dispute embodied in the lawsuit.” Chi-usolo v. Kennedy, 614 So.2d 491, 492 (Fla. 1993). That being so, the motion to dissolve the lis pendens should have been granted.
Petition granted; order of May 31, 2012, quashed.

. While captions are not controlling, they occasionally provide a strong hint — here, for example, a hint that the action seeks money, not the imposition of a lien or injunction relating to specifically-identified condominium units.

. The complaint is noticeably vague on any allegation that any funds were advanced by the plaintiffs and used by Blue Star to buy the condominium units. The unjust enrichment count, for example, alleges that Schwartz and a corporate member of Blue Star
received the direct and substantial benefits from Dishi & Floman, LLC and LED Trust, LLC including the fact that the deal was brought to them by Dishi & Floman, LLC and LED Trust, LLC, which they requested from Dishi & Floman LLC and LED Trust, LLC, had knowledge of and voluntarily accepted and retained the benefits they requested and received directly from Plaintiff, and have refused to compensate Dishi & Floman, LLC and LED Trust, LLC despite demand for payment.
Whatever a nexus with specific Florida real estate may be, this is not it.