NATIONAL SURETY COMPANY, *Plaintiff in Error*, vs. WILLYS-OVERLAND, INC., *Defendant in Error*.

138 So. 24.

En Banc.

Opinion filed November 30, 1931.

Petition for rehearing denied February 2, 1932.

*Mabry, Reaves & White,* for Plaintiff in Error;

*Gage & Polhill* and *S. E. Simmons,* for Defendant in Error.

ANDREWS, COMMISSIONER.—The defendant in error as plaintiff below filed its amended declaration against the National Surety Company as defendant below alleging a breach of the provisions of an injunction bond furnished by defendant in the lower court in the former case of Norris D. Blake et al. vs. Willys-Overland, Inc., Roy Booth as Sheriff, et al. The declaration further sets forth the dissolution of the injunction pursuant to the mandate of the Supreme Court reversing the order of the trial court in refusing to dissolve it, and that the plaintiff had sustained certain damages by reason of the issuance of the injunction, including $500.00 attorney's fee for services rendered plaintiff in getting the injunction dissolved.

The defendant National Surety Company filed pleas, to all of which, the demurrers of plaintiff were sustained except the second plea which denied that the injunction was dissolved by the Supreme Court, and the plaintiff joined issue on this plea. Amended pleas were thereupon filed to all of which, demurrers were sustained, except the first and second which denies (1) that defendant executed the bond and (2) denies that the bond sued on is its bond.

Defendant then filed its second amended plea to which

a demurrer and motion to strike were sustained and this order of the trial court constitutes the 27th assignment of error, which appears to be the principle relied upon for the reversal of this cause.

A trial was had upon the remaining issues which resulted in a verdict in favor of plaintiff in the amount of $572.70 which includes $72.70 court costs and $500.00 attorney's fee.

Reverting to the second amended plea which was held by the court to constitute no defense to the amended declaration it is observed that the plea sets up in substance that; For a plea to so much of said declaration as ''seeks to recover for attorney fees'' and expenses incurred ''in appealing'' the case mentioned in the declaration defendant says that ''on or about May the 5th, 1928, a settlement was made between the parties to said injunction whereby for a valuable consideration all matters then in controversy in said injunction suit, wherein said injunction was issued, were settled; and the plaintiff herein for a valuable consideration released from the force and effect of its judgment all the lands involved in said suit;'' and that ''At the time said settlement was made the injunction suit was pending in the Supreme Court, but same did not come on for decision in said cause until on or about April 23, 1929. The appellant, plaintiff herein, failed to dismiss said appeal as required by the rules of the Supreme Court, or at all.''

An examination of the opinion in the case of Willys-Overland, Inc., et al. vs. Blake et al. 97 Fla. 626, 121 So. 884, will show that the order of the trial court denying the motion to dissolve the temporary restraining order, which was appealed from, was held to have been error and was reversed.

The effect of the decision and mandate of the Supreme Court was to dissolve the injunction on its merits. The general rule in this state—as is apparently true elsewhere,

where the rules are similar—is that a dissolution of an injunction upon the merits operates as an adjudication that it was improperly issued. Sewell v. Huffstetler, 83 Fla. 629, 93 So. 162. See also Landis v. Wolf, 206 Ill. 392, 69 N. E. 103; 32 C. J. 449, Sec. 773.

One of the conditions of the surety bond, which is pleaded and attached to the declaration as the cause of action, was that "if the injunction shall be dissolved, or if the bill upon which it was granted be dismissed" the obligee shall pay to defendant Willys-Overland, Inc., all damages, losses, expenses and charges which it may have sustained or have been put to by reason of the issuing of the said injunction.

It appears conceded that a reasonable attorney's fee incurred in procuring the dissolution of an injunction is an element of damages covered by the surety bond. 32 C. J. 471, Sec. 8181.

While there is no averment in the second amended plea that the damages, expenses and charges incident to the injunction suit were settled and disposed of, the said plea does allege that on May 5, 1928, "a settlement was made" whereby for mutual valuable considerations *"all matters* then in controversy" in the injunction suit "were settled" and that "at the time said settlement was made the injunction suit was pending in the Supreme Court" undisposed of. In this connection it will be observed that the instrument offered in evidence as tending to prove the alleged settlement of all matters appears to be a "release" of the remainder of lands involved in the injunction suit and no reference is made therein as to any settlement. It may be said also that the amount ($450.00) paid for the release of the lands involved would scarcely justify the implication that attorney's fees were included in the consideration for release.

The contention is made that if plaintiff in error, who was appellant in the former injunction appeal, is correct

in its position now set up by the second amended plea that all matters then in controversy were settled, that under Supreme Court Rule 22 it should have notified the Supreme Court that a compromise and settlement had been consummated and thereupon filed a praecipe for dismissal of the appeal. Said Rule 22 provides as follows:

"When any cause pending in this Court shall be settled by compromise or otherwise, it shall be the duty of both parties to immediately notify the Court of such settlement, and the plaintiff in error or appellant shall, within ten days after such settlement, file in the Supreme Court a praecipe for a dismissal of the cause, and the same shall be dismissed."

We reach the conclusion that the demurrer and motion to strike said plea should not have been sustained. We know of no rule which requires an agreement of settlement of a cause pending to be evidenced in writing as a necessary prerequisite to its being pleaded as a defense to a subsequent suit brought on a claim growing out of the same suit.

The general rule is that in the absence of a statutory requirement no particular form of agreement is essential to the validity of a compromise; and it need not be in writing unless it is so required by special statute. 12 C. J. 334-335; 5 R. C. L. 877-879. In fact the general rule is that courts, and the law itself, favor the compromise and settlement of disputed claims and will sustain such settlements if fairly made between competent parties, because it is to the interest of the State and the parties themselves that there should be an end to litigation. Fla. E. C. Ry. Co. v. Thompson, 93 Fla. 30, 111 So. 525; 12 C. J. 336-337, Sec. 32; 5 R. C. L. 878, Sec. 3. It is also well settled that the parties and those who claim under them with notice cannot go behind a compromise made in good faith as a settlement of prior disputes. 12 C. J. 343, Sec. 37. It is also held generally that a compromise made pendente lite must be specifically pleaded to be available as a defense;

also that it is better practice to require defendant to plead a compromise agreement relied on to defeat an action, leaving plaintiff to reply by way of confession and avoidance if desired, than to have it alleged in the complaint, as authorities are not agreed as to whether a compromise may be shown under the general issue. 12 C. J. 362-363.

While the rule, as expressed by this Court in the case of Steele v. State, 33 Fla. 354, 14 So. 841, is that agreements of counsel as to the disposition of causes must be filed otherwise the Court cannot take notice of them, it does not necessarily mean that a plea may not set up a parol agreement that all matters then in controversy were settled. There may be other penalties for neglecting to notify the Appellate Court of such settlement which may not affect the validity of the settlement if actually made.

Inasmuch as we have held that the Court committed error, under the circumstances of this case, in sustaining the demurrer and granting motion to strike the second amended plea of defendant it is not necessary to consider here the other assignments of error, as practically all others presented emanate from the quoted portions of the second amended plea. When evidence is admitted upon issues raised by the plea it will be the province of the jury to determine from such evidence whether or not "all matters then in controversy" in said injunction suit "were settled".

Judgment reversed.

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered, ordered and adjudged by the Court that the judgment of the court below should be, and the same is hereby, reversed.

744

Buford, C.J., and Whitfield, Ellis, Terrell, Brown and Davis, J.J., concur.