ON MOTION TO AMEND ORDER ON MANDATE
SPECTOR, Judge.
On April 23, 1971, the Circuit Court of Duval County, Judge Waybright presiding, issued a temporary injunction against Carpenters District Council of Jacksonville in order to avert a violation of a “no-strike” provision in a collective bargaining agreement. The Carpenters District Council petitioned this court for a writ of prohibition on the basis that the circuit court had no jurisdiction since the strike constituted an unfair labor practice within the exclusive jurisdiction of the National Labor Relations Board. This court denied the petition for writ of prohibition, 248 So.2d 176. The Supreme Court reversed this court’s decision 279 So.2d 300, and stated:
“. . . we hold that the'rule of law enunciated in Sheetmetal Workers’ applies and that the District Court erred in failing to prohibit the further exercise of jurisdiction by the Circuit Court. Accordingly, the decision of the District Court of Appeal, First District, is vacated and the cause is remanded to that Court for further proceedings not inconsistent with the decision herein.”
Consequently, this court on July 31, 1973, entered an order on mandate whereby the earlier opinion was set aside and the opinion of the Supreme Court was adopted.
The Carpenters District Council then moved the lower court to dissolve the injunction, assess and award damages and dismiss the complaint with prejudice. At the same time, William E. Arnold Company moved to stay the proceedings pending certiorari review by the United States Supreme Court. The trial court declined to act on either motion and the Carpenters District Council filed the present motion for amendment or clarification of order on mandate, requesting this court to direct the lower court to exercise further jurisdiction over this cause for the purposes of dissolving the injunction, dismissing the complaint and assessing and awarding damages.
The William E. Arnold Company filed a motion in opposition to Carpenters District Council’s motion whereby it requests that the motion be denied or in the alternative that this court stay further proceedings in the trial court or amend its order on mandate to authorize the trial court to rule on the motion to stay.
We think petitioners’ motion for amendment of our order of July 31, 1973, entered upon the coming down of the Supreme Court’s decision is appropriate. By said order, we merely adopted the Supreme Court’s decision which is reported at 279 So.2d 300 as the decision of this court. We failed to enter our writ of prohibition restraining the respondent from exercising any further jurisdiction respecting the temporary injunction issued by him against petitioners, yet it is clear from the Supreme Court’s decision that we should have done so.
 Further, since it is held that the lower court acted in excess of its jurisdiction by the entry of the temporary injunction against petitioners, the same should *195 now be dissolved and petitioners should be afforded an opportunity to claim damages, if any, by appropriate action before the trial court. Damages and attorney fees are recoverable where an injunction is wrongfully entered. See Section 60.07, Florida Statutes, F.S.A.; Nicholas v. Willmott, 175 So.2d 592 (Fla.App.1965); National Surety Co. v. Willys-Overland, Inc., 103 Fla. 738, 138 So. 24 (1931).
Accordingly, our order on mandate of July 31, 1973, is amended hereby and the writ of prohibition initially prayed for by petitioner is granted restraining the respondent from exercising any further jurisdiction in the underlying cause of action except for the purpose of dissolving the temporary injunction heretofore entered in the underlying cause and except for the further purpose of considering and acting upon petitioners’ motion for assessment of damages and attorney fees pursuant to the authorities cited above.
The motion for stay and superse-deas filed herein by William E. Arnold Company, a Florida corporation, plaintiff in the underlying injunction action, is well founded and the writ of prohibition issued herein together with our directions to the trial court for further proceedings respecting dissolution of the temporary injunction and award of damages are stayed pending determination of the review thereof sought by said movant in the United States Supreme Court, provided that said review is timely sought and provided further that the said William E. Arnold Company, a Florida corporation, shall give good and sufficient supersedeas bond in the amount of $5,000.00, conditioned to pay such damages and costs as may be incurred by petitioners because of the continuation of the temporary injunction in the underlying cause of action and as a result of further prosecution of this action in the United States Supreme Court.
CARROLL, DONALD K„ Acting C. J., and WIGGINTON, J., concur.