576 So.2d 1342 (1991)
Arman SAPORITO, et al., Appellants,
v.
George A. MADRAS, Etc., Appellee.
No. 90-519.
District Court of Appeal of Florida, Fifth District.
March 28, 1991.
*1343 Vincent G. Torpy, Jr. of Frese, Fallace, Nash & Torpy, P.A., Melbourne, for appellants.
Lisa D. Harpring of Moss, Henderson, Van Gaasbeck, Blanton & Koval, P.A., Vero Beach, for appellee.
DIAMANTIS, Judge.
Arman Saporito and his wife (Saporito) appeal the final judgment of involuntary dismissal entered against them at the close of their case. Saporito raises three points on appeal, each of which we find meritorious. We accordingly reverse and remand for a new trial.
This case originated in October 1984, when appellee Madras filed a lis pendens against Saporito's property, the Scenic View Motel in Sebastian. The recording remained in effect for four years, until October 1988, when it was lifted and final judgment entered in favor of Saporito. Saporito then motioned the court to disburse the bond posted by Madras during the pendency of the lis pendens action as compensation for damages. The motion proceeded to non-jury trial. Arman Saporito was the only witness to testify.
Saporito built the Scenic View Motel. The motel consists of 13 or 14 units, only seven of which were completed as of October 1984. That year Saporito borrowed $60,000 from Sun Bank to complete the unfinished rooms, but this sum proved inadequate.
In 1985, Saporito negotiated with a Mr. Harris to sell the motel. They entered a contract for sale but were unable to consummate *1344 the deal once Harris learned of the lis pendens. Saporito was unaware of the recording prior to this time. The original contract in Saporito's possession was subsequently destroyed and the trial court refused to admit a document entitled contract for sale and purchase into evidence as the best available memorandum of the destroyed agreement.
As soon as Saporito learned of the lis pendens, he attempted to remortgage the motel so he could complete the unfinished rooms. Saporito applied to Sun Bank but could not obtain the necessary financing because of the lis pendens. Six rooms remained uncompleted. Saporito received a second offer to sell the motel in March 1987, but was again unable to close because of the lis pendens. The trial court refused to admit an unsigned photocopy of the original contract into evidence.
Saporito stated that in 1985, the motel grossed around $31,000. He estimated that if the six unfinished rooms had been completed and rented they would have each brought in about $500 per month, based on an average occupancy rate of 70%. Saporito would have received $3,000 per month for each of the 27 months between the end of 1985, when he sought financing to complete the motel, and October 1988, when the lis pendens was removed, for a total of $81,000.
Saporito sold the motel in April 1989 for $425,000 although he estimated its market value to be $525,000. He testified that he sold the motel for less than its fair market value because he had a balloon payment due that he could not otherwise make. Saporito further stated that he had never made any profit on the motel, nor did he actively seek a buyer for the motel by listing it with a realtor.
We first address the trial court's refusal to admit into evidence the two unexecuted contracts for sale and purchase which Saporito asserted were copies of the original executed contracts which had been destroyed. The trial court barred the copies under the statute of frauds. The statute is designed to prevent the enforcement of fraudulent claims by requiring certain contracts to be in writing. However, in this case Saporito did not bring suit to enforce the contracts themselves, he merely sought to admit the copies as proof of damages flowing from the lis pendens. A contract may provide the basis of proof of damages in a suit that does not seek the contract's own enforcement. W.B.D., Inc. v. Howard Johnson Co., 382 So.2d 1323 (Fla. 1st DCA), review denied, 388 So.2d 1114 (Fla. 1980); Rice v. Insurance & Bonds, Inc., 366 So.2d 85 (Fla. 3d DCA), cert. dismissed, 372 So.2d 469 (Fla. 1979). The trial court erred in sustaining the objection to the contract copies under the statute.
Counsel for Madras argues on appeal that the ruling of the trial court should be upheld on the basis of the best evidence rule, sections 90.951 et seq., Florida Statutes (1989). The best evidence rule allows a duplicate to be admitted under section 90.953(3) unless "[i]t is unfair, under the circumstance, to admit the duplicate in lieu of the original." Section 90.954 provides for the admissibility of a duplicate when:
(1) All originals are lost or destroyed, unless the proponent lost or destroyed them in bad faith.
(2) An original cannot be obtained in this state by any judicial process or procedure.
Saporito testified that the original contract on the first agreement to sell was destroyed after he and the proposed buyer learned of the lis pendens. Saporito was not afforded an opportunity to explain what became of the second contract. In both instances Saporito was not permitted to make a proper showing under sections 90.953 and 90.954 that the originals were not available, and he was clearly prejudiced by his inability to present a case that the originals were unavailable and the duplicates thus admissible. We cannot, therefore, affirm on this ground.
We turn next to the propriety of the trial court's entry of the judgment of involuntary *1345 dismissal.[1] The trial court granted the involuntary dismissal after concluding that the task of determining what Saporito's losses amounted to during the pendency of the lis pendens was too speculative. Saporito provided no motel records to indicate the volume of business achieved by the motel during the years the lis pendens was in effect. He testified that he made no profit on the motel but instead lost two profitable chances to sell it because the lis pendens clouded the motel's title. Saporito also testified that he could have rented each of the six uncompleted rooms for about $500 per month based on 70% occupancy but could not obtain the financing to complete them due to the lis pendens. After the lis pendens was removed, Saporito sold the motel for less than market value.
In W.W. Gay Mechanical Contractor, Inc. v. Wharfside Two, Ltd., 545 So.2d 1348 (Fla. 1989), the Florida Supreme Court established that a business can recoup lost prospective profits even if it has failed to establish a profitable "track record." The business must establish that:
(1) the defendant's action caused the damage and
(2) there is some standard by which the amount of damages may be adequately determined.
Id., at 1351.
When confronted with a motion for involuntary dismissal, the trial court's only function is to assess whether the evidence, when viewed in a light most favorable to the plaintiff, has established a prima facie case. At this stage the trial court is precluded from weighing the evidence or adjudging its credibility. Tillman v. Baskin, 260 So.2d 509 (Fla. 1972); State, Department of Health and Rehabilitative Services v. Thibodeaux, 547 So.2d 1243 (Fla. 2d DCA 1989); Vance v. Indian Hammock Hunt & Riding Club, Ltd., 403 So.2d 1367 (Fla. 4th DCA 1981). Saporito's own testimony established a prima facie case that he lost revenue on the motel due to the lis pendens; his testimony further established a basis for assessing those lost profits. Whether Saporito's testimony proves too vague, speculative, or lacking in credibility is for the trial court, sitting as the trier of fact, to assess. Clearly though, Saporito's testimony was sufficient to pass the hurdle of the motion for involuntary dismissal.
Lastly, we address the issue of the attorney's fees Saporito sought as damages incurred to effect the removal of the lis pendens. We recognize the holding of the Third District in Wagner v. Birdman, 460 So.2d 463 (Fla. 3d DCA 1984), denying an award of attorney's fees after the discharge of a lis pendens because no statutory authority provides for such fees. Our attention is directed however, to a ruling by the Florida Supreme Court, National Surety Co. v. Willys-Overland, Inc., 103 Fla. 738, 138 So. 24 (1931), which held quite simply, "[i]t appears conceded that a reasonable attorney's fee incurred in procuring the dissolution of an injunction is an element of damages covered by the surety bond. 32 C.J. 471 § 818" Id. 138 So. at 25-26. We are persuaded of the continuing vitality of National Surety due to the trend of decisions upholding an award of attorney's fees as damages in suits to quiet title or remove a cloud from title. See Susman v. Schuyler, 328 So.2d 30 (Fla. 3d DCA 1976); Glusman v. Lieberman, 285 So.2d 29 (Fla. 4th DCA 1973). Accordingly, we hold that attorney's fees incurred in removing a lis pendens and clearing title to property is a recoverable element of damages in a proceeding to recover on a lis pendens bond and the lower court erred in striking Saporito's claim for attorney's fees as an element of damages. We recognize that our holding conflicts with Wagner.
REVERSED and REMANDED.
DAUKSCH and COBB, JJ., concur.
NOTES
[1] Fla.R.Civ.P. 1.420(b).