FARMER, Judge.
James and Stephanie Cecil appeal an order which simply decreed that “the amount necessary to bond off the lien is $3,772.62.” Their homeowner’s association seeks certio-rari review of that order.
*371 This is a suit to foreclose a maintenance lien for failure to pay special and regular assessments. The Cecils no longer dispute the assessments, and have before suit twice tendered the principal sums due, all accrued interest and something for attorney’s fees and the costs to foreclose. They refuse to pay a charge of over $2,100, however, representing “standard delinquency charges”, because the association’s notice of lien failed to include such charges. During the foreclosure action, they filed a motion asking the trial court “to determine the amounts necessary to bond off [sic] the lien.” Without taking evidence the court entered an order which simply decreed “that the amount necessary to bond off the lien is $3,772.62.” This petition followed.
We are first met with respondents’ suggestion that we lack certiorari jurisdiction to review the order but do have jurisdiction under rule 9.130(a)(3)(B) because it is a non-final order which has the effect of “modifying an injunction created by the lien.” We are unable to read the judge’s order so generously. It certainly does not use the word “injunction.” Nor does it have any command capable of being understood as an injunction. And it surely lacks any suggestion that it is intended to modify anything.
The only thing we can glean from its contents is “that the amount necessary to bond off [whatever that means] the lien is $3,772.62.” These words are not disposi-tive of anything so stark as property rights, or a loss of a lien. They do set a monetary amount, but they go no further. They do not, for example, provide that if the Cecils were to furnish a good and sufficient bond drawn on a surety licensed to do business in Florida, the association’s claimed lien would be transferred to the bond and that the subject property would then be released from the lien.[1] Consequently we see no rule 9.130(a)(3)(B) jurisdiction.
On the other hand, if the order here had contained such provisions, we should think that a serious case had been made for certiorari review. Such review might then be necessary because a wholly insufficient bond might, as the association argues, deprive it of property, its lien, without giving it the functional equivalent, and without due process of law. Because the real property might be sold after release to a bona fide purchaser for value who relied on the order releasing the collateral, later review at the end of the case would appear to be ineffective to vindicate the rights accruing under the lien. The absence of such provisions here, however, obviously means that certiorari jurisdiction is lacking.
So saying, we take the liberty of adding a few words about the procedure, because it is capable of arising again and we may thereby shorten this litigation and hasten its final resolution. While no statute or rule of court appears to authorize the replacement of a homeowner association’s maintenance lien with a bond, we can think of no good reason why the chancellor might not order such a procedure as an exercise of his equitable powers. We should, however, prefer to consider the case for such a procedure only with a fully developed evidentiary record and, of course, with an order clearly so providing.
Without engaging in a de facto trial of the entire case, we also think it would require some evidence to fix the amount of the bond, if the amount of the lien were disputed.[2] Certainly we think such a bond should be sufficient in amount to cover all claims in suit. We note that the analogous provision in the mechanic’s lien law, section 713.24, Florida Statutes (1989), does not include attorney’s fees in setting the *372 amount of the statutory bond, but there does not appear to be any reason why the chancellor might not include attorney’s fees in setting the amount of the bond if the facts and circumstances required. And if such a bond or other collateral were allowed, we think that the order should recite precisely what is being done so that title lawyers and buyers did not have to guess at the effect.
But all of that is the purest kind of obiter dicta, for none of it has been properly presented for review. What has been presented is an order that is informative and certainly specifies an amount but lacks any disposition which makes it immediately reviewable. We must therefore deny extraordinary review at this time, but without prejudice to present a new motion and offer evidence on the subject.
CERTIORARI DENIED.
POLEN, J., concurs.
DOWNEY, J., concurs in result only.

. See e.g. section 713.24, Florida Statutes (1989), which makes express provision for such a bond and fixes the amount of the bond and allows the court to increase the bond (or "security”, in the language of the statute) or decrease it, or substitute security, and the like. It also provides, unlike the order here, that upon compliance with the statute, the real property is released from the lien.

. We have some misgivings about allowing the association to claim amounts due in the foreclosure action that are not specified or even hinted at in the claim of lien filed in the public records. Because the order at issue here does not purport to decide the issue of the standard charges, however, we express no opinion as to whether such charges may be the subject of the foreclosure of a notice of lien which fails to list or mention them.