655 So.2d 192 (1995)
Robert A. MILLER D/B/a Southern Center, Inc., Appellant,
v.
Peter NIFAKOS, Mary R. Rose, Andrew J. Rose and Bonnie G. Rose, Appellees.
No. 94-0025.
District Court of Appeal of Florida, Fourth District.
May 24, 1995.
*193 David M. Garten of Law Office of David M. Garten, West Palm Beach, for appellant.
Martin H. Colin of Law Offices of Martin H. Colin, Lake Worth, for appellees.
PER CURIAM.
We reverse the trial court's order granting appellees' motion for involuntary dismissal in this breach of commercial lease action.
A motion for involuntary dismissal must be denied if a plaintiff submits a prima facie case. Sea Tower Apartments, Inc. v. Century Nat'l Bank, 406 So.2d 69, 70 (Fla. 4th DCA 1981). Moreover, in ruling on a motion for involuntary dismissal, the trial court must view the evidence in the light most favorable to plaintiff. Saporito v. Madras, 576 So.2d 1342 (Fla. 5th DCA 1991). To establish a breach of contract, a party much show the existence of a contract, a breach thereof, and damages. Knowles v. C.I.T. Corp., 346 So.2d 1042 (Fla. 1st DCA 1977).
Viewing the evidence in the light most favorable to appellant, the record shows that (1) appellee did not pay the first month's rent as required by the lease, (2) appellee repudiated the lease, (3) appellee failed to pay certain costs and maintenance expenses, and (4) appellant suffered damages as a result of the breach. Thus, we hold that appellant established a prima facie case of breach of contract and we reverse.
REVERSE AND REMAND.
HERSEY, GLICKSTEIN and POLEN, JJ., concur.