656 So.2d 961 (1995)
Raymond J. BARBER, personally, and d/b/a RJB Systems, Appellant,
v.
WONDERLAND GREYHOUND PARK, etc., Appellee.
No. 94-1853.
District Court of Appeal of Florida, Fifth District.
June 23, 1995.
Steven R. Tinsley, Kissimmee, for appellant.
John F. Mariani of Fleming, Haile, Shaw & Gundlach, P.A., North Palm Beach, for appellee.
THOMPSON, Judge.
Raymond J. Barber ("Barber") appeals the trial court's order denying his motion for summary judgment. A non-final order denying a motion for summary judgment is not reviewable by interlocutory appeal or *962 common-law certiorari. Vanco Constr., Inc. v. Nucor Corp., 378 So.2d 116 (Fla. 5th DCA 1980); Fla.R.App.P. 9.130, 9.030(b)(1)(B). The only possible basis for Barber's appeal, therefore, is his allegation that the trial court's order also denied his motion for a permanent and temporary injunction. See Fla.R.App.P. 9.130(a)(3)(B).[1] Because the issue of whether an injunction should be issued was never litigated before the trial court, we dismiss Barber's appeal for lack of jurisdiction.
Barber filed suit against Wonderland Greyhound Park, Inc. ("Greyhound"), in a six-count civil complaint. In count VI of his complaint, Barber sought to enjoin Greyhound from making copies of a computer software program.[2] Barber subsequently filed a motion for summary judgment, which the trial court denied. On appeal, Barber contends that this court has jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(B), which authorizes appellate review of non-final orders of lower tribunals granting or denying injunctions. For an order to be reviewable pursuant to rule 9.130(a)(3)(B), however, the trial court's order must rule on the request for injunctive relief. Maplewood Phase One Homeowner's Ass'n, Inc. v. Cecil, 585 So.2d 370, 371 (Fla. 4th DCA 1991).
We have reviewed Barber's motion for summary judgment, his argument supporting his motion, and his supplemental authority, as well as the trial court's order denying summary judgment. These documents contain no discussion of whether an injunction should be granted. Further, a review of the transcript of the summary judgment hearing clearly shows that Barber's counsel never requested injunctive relief and never mentioned count VI of his complaint which requests that an injunction be granted, although Barber's counsel asked for relief in the form of a money judgment, interest, and attorney's fees. Because the issue of whether an injunction should be granted was not considered by the trial court, this issue cannot be considered on appeal. Accordingly, Barber's appeal is dismissed.
DISMISSED.
DAUKSCH and COBB, JJ., concur.
NOTES
[1] Rule 9.130(a)(3)(B) provides that:

(3) Review of non-final orders of lower tribunals is limited to those that
....
(B) grant, continue, modify, deny, or dissolve injunctions, or refuse to modify or dissolve injunctions.
Fla.R.App.P. 9.130(a)(3)(B).
[2] Count I was for breach of contract, count II was for open account, count III was for account stated, count IV was for goods sold, count V was for specific performance, and count VI was for a temporary and permanent injunction.