687 So.2d 68 (1997)
AIB MORTGAGE COMPANY, Appellant,
v.
Larry SWEENEY, Appellee.
No. 96-1058.
District Court of Appeal of Florida, Third District.
February 5, 1997.
Keith, Mack, Lewis, Cohen & Lumpkin and R. Hugh Lumpkin, Miami, for appellant.
Ackerman, Bakst & Cloyd and John M. Koenig, Jr., West Palm Beach, for appellee.
Before SCHWARTZ, C.J., and NESBITT and LEVY, JJ.
*69 NESBITT, Judge.
Plaintiff-appellant AIB Mortgage Company appeals a final order granting defendant-appellee Larry Sweeney's motion for involuntary dismissal and dismissing AIB's complaint with prejudice. We reverse.
AIB originates and sells residential and commercial mortgage loans. Sweeney was employed by AIB as a wholesale account executive. His job was to originate mortgage loans through AIB approved brokers and to solicit new brokers to become approved by AIB.
AIB sued Sweeney for breach of his employment contract. The gist of AIB's complaint was that Sweeney had improperly and without authorization diverted a loan package (the "Schottenstein loan") from the originating mortgage broker, Homeland Mortgage, to another broker, McCall Financial Services. This diversion ultimately, AIB alleged, caused it to lose the opportunity to service the loan and the fees associated with such service.
At trial, when AIB finished presenting its evidence Sweeney moved for involuntary dismissal under Florida Rule of Civil Procedure 1.420(b). The trial judge, concluding that AIB had not presented a prima facie case, granted Sweeney's motion and entered the order now being appealed.
It is clear that:
A motion for involuntary dismissal must be denied if a plaintiff submits a prima facie case. Sea Tower Apartments, Inc. v. Century Nat'l Bank, 406 So.2d 69, 70 (Fla. 4th DCA 1981). Moreover, in ruling on a motion for involuntary dismissal, the trial court must view the evidence in the light most favorable to plaintiff. Saporito v. Madras, 576 So.2d 1342 (Fla. 5th DCA 1991). To establish a breach of contract, a party much show the existence of a contract, a breach thereof, and damages. Knowles v. C.I.T. Corp., 346 So.2d 1042 (Fla. 1st DCA 1977).
Miller v. Nifakos, 655 So.2d 192, 193 (Fla. 4th DCA 1995).
Sweeney agrees that AIB proved the existence of a contract between the parties. Sweeney argues, however, that AIB failed to present evidence of a breach of the contract by Sweeney or of the alleged damages flowing from the breach. We disagree.
In part, AIB alleged that Sweeney breached that portion of the employment agreement that required him to "devote his/ her entire business time and best efforts to his/her duties hereunder, to perform such duties well and faithfully, and in accordance with the customs of the industry...." AIB presented evidence, testimonial and otherwise, that demonstrated that Sweeney's act of sending the Schottenstein loan to McCall Financial Services was unilateral, unauthorized and, more importantly, was not "in accordance with the customs of the industry." Thus, AIB adduced prima facie evidence that Sweeney breached his contract.
Finally, we have the issue of damages. AIB's executive vice-president testified as to the damages AIB suffered as a result of losing the Schottenstein loan. He explained that AIB receives two percent of the value of a loan package plus a $400 fee per individual loan for underwriting document preparation. The trial judge was concerned that this amount did not take into account the costs AIB would have to incur in generating this fee, and entered the involuntary dismissal on this basis as well.
We believe that at this stage in the proceeding, AIB provided sufficient evidence of "some standard by which the amount of damages [could] be adequately determined." Saporito v. Madras, 576 So.2d 1342, 1345 (Fla. 5th DCA 1991). Whether AIB's evidence ultimately "proves too vague, speculative, or lacking in credibility is for the trial court, sitting as trier of fact, to assess." Id. Consequently, the motion for involuntary dismissal should have been denied.
We reverse the order granting Sweeney's motion for involuntary dismissal and dismissing *70 AIB's complaint with prejudice and remand for a new trial.[1]
Reversed and remanded.
NOTES
[1] As this case was tried to the court, and the judge who heard it has since retired from the bench, remand for completion of the case, instead of the new trial we have ordered, is not possible.