909 So.2d 375 (2005)
S AND T BUILDERS, Petitioner,
v.
GLOBE PROPERTIES, INC., Respondent.
No. 4D04-4911.
District Court of Appeal of Florida, Fourth District.
August 3, 2005.
Order Denying Rehearing and Granting Clarification September 23, 2005.
Randall L. Gilbert of the Law Offices of Randall L. Gilbert, P.A., Miami, for petitioner.
Guy M. Shir and Patrick Dervishi of Kahan, Shir & Associates, Boca Raton, for respondent.
PER CURIAM.
We grant this petition for writ of certiorari and remand for an evidentiary hearing.
S and T Builders, Inc., a contractor, seeks to impose and foreclose an equitable construction lien. The defendant/owner moved to dissolve lis pendens or alternatively to require posting of a bond. The motion was considered at a motion calendar hearing and, without an evidentiary hearing, the court set bond in the sum of $480,000.
In the course of the motion calendar hearing, the trial court indicated that damages *376 were better measured not by the amount of the plaintiff's claim, applicable as to foreclosure of recorded liens, but by the value of the whole property prevented, by the lis pendens, from being sold. The $480,000 figure is based on defense counsel's representation as to the owner's claim of the project's cost, $450,000, plus $30,000 as the anticipated amount of the defendants' attorney's fees. In addition to challenging the amount of bond, the contractor also argues that there is no right to recover attorney's fees in an equitable lien claim.
We conclude that the trial court departed from the essential requirements of law by ordering the contractor to post a lis pendens bond without first conducting an evidentiary hearing to determine the amount of bond. Betsy Ross Hotel, Inc. v. A.G. Gladstone Assocs., Inc., 833 So.2d 211, 212 (Fla. 3d DCA 2002). We have considered Patraka v. VSI International, Inc., 832 So.2d 156 (Fla. 4th DCA 2002), and First Southern Development Corp. v. Chandler and Associates, Inc., 472 So.2d 878 (Fla. 1st DCA 1985), but deem them inapposite.
Section 48.23(3), Florida Statutes (2003), provides, with respect to actions not founded on a duly recorded instrument or a chapter 713 lien, "the court may control and discharge the notice of lis pendens as the court may grant and dissolve injunctions." We note that in Haisfield v. ACP Florida Holdings, Inc., 629 So.2d 963 (Fla. 4th DCA 1993), where a lis pendens was filed in connection with a suit for specific performance, we recognized the proper method of measuring damages for wrongful filing of lis pendens as the difference between the fair market value at the time of filing of the lis pendens and the fair market value at time of its termination, plus any consequential damages, including attorney's fees.
Certainly the parties could have agreed that it would be difficult to place a value on the likely damage and that $480,000, considerably less than the value of the property in question, is a reasonable amount; however, here, it was the owner, alone, who decided that was a reasonable amount. The contractor was entitled to reject that figure and demand an evidentiary hearing.
We reject, however, the contractor's claim that attorney's fees are not an element of recoverable damages. Although, generally, fees may not be recoverable in equitable lien claims, there are different concerns regarding damages for wrongful filing of a lis pendens. Haisfield. See also Town of Davie v. Sloan, 566 So.2d 938, 939 (Fla. 4th DCA 1990) (holding amount of injunction bond was the ceiling on damages for a wrongfully issued injunction, including attorney's fees and costs); Montville v. Mobile Med. Indus., Inc., 855 So.2d 212, 215 (Fla. 4th DCA 2003) (bond on which the issuance of a temporary injunction is conditioned "is to provide a sufficient fund to cover the adverse party's costs and damages if the injunction is wrongfully issued" and these damages "include attorney's fees and court costs"). But see Wagner v. Birdman, 460 So.2d 463 (Fla. 3d DCA 1984) (denying award of attorney's fees after discharge of lis pendens, based on lack of statutory authority).
With respect to attorney's fees, we have also considered Price v. Tyler, 890 So.2d 246 (Fla.2004), disapproving the award of fees in suits to quiet title or remove a cloud from title. We do not, however, read Price as applicable to a wrongful filing of a lis pendens, which, if anything, is more analogous to slander of title actions, as to which fees were recognized in Price.
STONE, KLEIN and GROSS, JJ., concur.

BY ORDER OF THE COURT:
ORDERED that petitioner's motion filed August 10, 2005, for rehearing is hereby denied; further,
*377 ORDERED that petitioner's motion filed August 10, 2005, for clarification is hereby granted. The opinion of August 3, 2005, is clarified to provide that the lis pendens is to be temporarily reinstated pending resolution of the amount of bond by the trial court in accordance with the opinion; further,
ORDERED that petitioner's motion filed August 22, 2005, to certify direct conflict is hereby granted in part and denied in part. We deny the motion to certify question but grant motion to certify conflict with Wagner v. Birdman, 460 So.2d 463 (Fla. 3rd DCA 1984).