944 So.2d 302 (2006)
S AND T BUILDERS, Petitioner,
v.
GLOBE PROPERTIES, INC., Respondent.
No. SC05-2045.
Supreme Court of Florida.
November 16, 2006.
*303 Randall L. Gilbert and Ronald E. Kaufman of the Law Office of Randall L. Gilbert, P.A., Miami, FL, for Petitioner.
Guy M. Shir and Patrick Dervishi of Kahan, Shir and Associates, Boca Raton, FL, for Respondent.
LEWIS, C.J.
We have for review the decision in S & T Builders v. Globe Properties, Inc., 909 So.2d 375 (Fla. 4th DCA 2005), in which the Fourth District Court of Appeal certified conflict with the decision of the Third District Court of Appeal in Wagner v. Birdman, 460 So.2d 463 (Fla. 3d DCA 1984). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. For the reasons expressed below, we approve the decision in S & T.

FACTS AND PROCEDURAL BACKGROUND
S and T Builders (S & T) filed an amended complaint against Globe Properties (Globe) for foreclosure of an equitable lien. S & T also filed and recorded a Notice of Lis Pendens.[1] In response, Globe filed a "Motion to Dissolve Lis Pendens or Alternatively to Require the Posting of a Bond," requesting that the trial court require S & T to post a bond in an amount equal to, at a minimum, the cost of the project. The trial court granted Globe's motion and, in setting the bond amount, included an additional $30,000 for anticipated attorney's fees incurred by Globe in the event the lis pendens filed by S & T was unjustified.
S & T petitioned the Fourth District for a writ of certiorari, arguing that the trial court departed from the essential requirements of law by ordering S & T to post a lis pendens bond without first conducting an evidentiary hearing. S & T further asserted that the trial court abused its discretion in increasing the bond to cover attorney's fees because such fees are not recoverable in equitable lien claims. The Fourth District granted S & T's petition in part, concluding that the trial court departed from the essential requirements of law by ordering S & T to post a lis pendens bond without first conducting an evidentiary hearing to determine the amount of the bond. See S & T Builders v. Globe Props., Inc., 909 So.2d 375, 376 (Fla. 4th DCA 2005). However, the Fourth District held that the trial court properly added attorney's fees to the amount of the bond because "[a]lthough, generally, fees may not be recoverable in equitable lien claims, there are different concerns regarding damages for wrongful filing of a lis pendens." Id.
The Fourth District granted S & T's motion to certify conflict with Wagner v. Birdman, 460 So.2d 463 (Fla. 3d DCA 1984), wherein the Third District held that there is no statutory authority for the award of attorney's fees in discharging a lis pendens. See S & T, 909 So.2d at 377.[2]

*304 ANALYSIS
We have previously stated that "[i]t is an elemental principle of law in this State that attorney's fees may be awarded a prevailing party only under three circumstances, viz: (1) where authorized by contract; (2) where authorized by a constitutional legislative enactment; and (3) where awarded for services performed by an attorney in creating or bringing into the court a fund or other property." Kittel v. Kittel, 210 So.2d 1, 3 (Fla.1967). Having reviewed the Florida Statutes and applicable case law, we conclude that the award of attorney's fees incurred in discharging a lis pendens is statutorily authorized.
The provision of the Florida Statutes governing lis pendens states, in pertinent part:
When the initial pleading does not show that the action is founded on a duly recorded instrument or on a lien claimed under part I of chapter 713, the court may control and discharge the notice of lis pendens as the court may grant and dissolve injunctions.

§ 48.23(3), Fla. Stat. (2005) (emphasis supplied).[3] Thus, if a court is authorized to take certain actions with regard to injunctions, those actions would be similarly authorized in a lis pendens proceeding.
Florida Rule of Civil Procedure 1.610 controls the granting of temporary injunctions and provides, in pertinent part:
(b) Bond. No temporary injunction shall be entered unless a bond is given by the movant in an amount the court deems proper, conditioned for the payment of costs and damages sustained by the adverse party if the adverse party is wrongfully enjoined.
Fla. R. Civ. P. 1.610(b). We have interpreted the statutory reference to injunctions in section 48.23(3) of the Florida Statutes to authorize a trial court to require the posting of a bond because a notice of lis pendens "will often prevent the property holder from selling or mortgaging the property." Med. Facilities Dev., Inc. v. Little Arch Creek Props., Inc., 675 So.2d 915, 917 (Fla.1996). Thus, "[t]he bond requirement . . . is a vehicle for protecting the property holders just as the lis pendens protects the plaintiff and third parties." Chiusolo v. Kennedy, 614 So.2d 491, 493 (Fla.1993). In setting the amount of a bond, we have determined that "[t]he amount should bear a reasonable relationship to the amount of damages which the property-holder defendant demonstrates will likely result if it is later determined that the notice of lis pendens was unjustified." Little Arch Creek, 675 So.2d at 918 n. 2.
With regard to the award of damages after the dissolution of an injunction, section 60.07 of the Florida Statutes (2005) provides:
In injunction actions, on dissolution, the court may hear evidence and assess damages to which a defendant may be entitled under any injunction bond, eliminating the necessity for an action on the injunction bond if no party has requested a jury trial on damages.
§ 60.07, Fla. Stat. (2005). We have held with respect to attorney's fees specifically that "a dissolution of an injunction upon the merits operates as an adjudication that it was improperly issued," and "a reasonable attorney's fee incurred in procuring the dissolution of an injunction is an element of damages covered by the surety *305 bond." Nat'l Sur. Co. v. Willys-Overland, Inc., 103 Fla. 738, 138 So. 24, 25-26 (1931). In an early case, we explained our rationale for allowing a party to recover the attorney's fees incurred in procuring the dissolution of an injunction:
[T]he temporary injunction is an extraordinary remedy. Unlike the usual course of law, which "proceeds upon inquiry and only condemns after a hearing," it is often ex parte and condemns temporarily before a hearing. It seems just and right that where a party asks the interposition of the power of the courts, in advance of a trial of the merits of the cause, to deprive the defendant of some right or privilege claimed by him, even though temporarily, that if on investigation it is found that the plaintiff had no just right either in the law or the facts to justify him in asking and obtaining from the court such a harsh and drastic exercise of its authority, that he should indemnify the defendant in the language of his bond for "all damages he might sustain," and that reasonable counsel fees necessary to the recovering of such injunction are properly a part of his damage.
Wittich v. O'Neal, 22 Fla. 592, 598-99 (1886).
Since the attorney's fees incurred in obtaining the dissolution of an injunction are recoverable from a surety bond, we conclude that section 48.23 of the Florida Statutes similarly permits a recovery of the attorney's fees incurred in obtaining a discharge of a lis pendens. See § 48.23(3), Fla. Stat. (2005). Indeed, relying on this Court's holding in Willys-Overland, the Second District has held that such attorney's fees are recoverable damages in a proceeding to recover on a lis pendens bond. See Saporito v. Madras, 576 So.2d 1342, 1345 (Fla. 5th DCA 1991);[4]see also Haisfield v. ACP Fla. Holdings, Inc., 629 So.2d 963, 967 (Fla. 4th DCA 1993) (trial court properly awarded attorney's fees incurred in removing lis pendens (citing Saporito)); Town of Davie v. Sloan, 566 So.2d 938, 939 (Fla. 4th DCA 1990) ("Implicit in the trial court's ruling [dissolving an injunction] is that this injunction was wrongfully issued, which thus gives rise to attorney's fees and costs as . . . damages.").
Although attorney's fees in actions for dissolution of injunctions are recoverable as damages, we have held that the damages recoverable for wrongfully obtaining an injunction are limited to the amount of the injunction bond. See Parker Tampa Two, Inc. v. Somerset Dev. Corp., 544 So.2d 1018, 1019 (Fla.1989). In so holding, we noted that "[l]imiting liability to bond amount . . . provides an orderly step-by-step procedure whereby all parties can be continually apprised of the consequences of their actions." Id. at 1021. Since an award of damages is limited to the amount of the injunction bond, and attorney's fees are recoverable from that bond, it logically follows that a trial court possesses the discretion to include foreseeable attorney's fees in determining the amount of the bond. See generally Willys-Overland, *306 138 So. at 26. Therefore, pursuant to the authorizing language in section 48.23 of the Florida Statutes, we conclude a trial court is similarly authorized to include attorney's fees that foreseeably may be incurred in discharging a lis pendens in a lis pendens bond. See § 48.23(3), Fla. Stat. (2005) (providing that a court "may control and discharge the notice of lis pendens as the court may grant and dissolve injunctions").

CONCLUSION
In conclusion, we hold that a trial court may include attorney's fees that may foreseeably be incurred in obtaining a discharge of a lis pendens in a lis pendens bond. Accordingly, we approve the Fourth District's decision in S & T Builders v. Globe Properties, Inc., 909 So.2d 375 (Fla. 4th DCA 2005), and we disapprove the Third District's decision in Wagner v. Birdman, 460 So.2d 463 (Fla. 3d DCA 1984), to the extent that it conflicts with this opinion.
It is so ordered.
WELLS, ANSTEAD, PARIENTE, QUINCE, CANTERO, and BELL, JJ., concur.
NOTES
[1] The purpose of a notice of lis pendens is "to alert creditors, prospective purchasers and others to the fact that the title to a particular piece of real property is involved in litigation." Am. Legion Cmty. Club v. Diamond, 561 So.2d 268, 269 n. 2 (Fla.1990).
[2] After the Fourth District remanded the case, the trial court held an evidentiary hearing and again included attorney's fees in the amount of the bond that it ordered S & T to post.
[3] None of the parties disputes that S & T's lis pendens is not founded on a duly recorded instrument or on a lien claimed under part I of chapter 713, Florida Statutes.
[4] In Price v. Tyler, 890 So.2d 246 (Fla.2004), we disapproved the decision in Saporito to the extent it could be read to permit the award of attorney's fees as general compensatory damages or costs in either an action to quiet title or a declaratory action. See 890 So.2d at 253. While the Fifth District in Saporito did conclude that attorney's fees were awardable in such actions, it also held that attorney's fees incurred in removing a lis pendens are recoverable. See Saporito, 576 So.2d at 1345. Since our decision in Price did not involve a lis pendens or an injunction, and we disapproved Saporito only "to the extent it conflicts with our analysis here," see 890 So.2d at 248, the Fifth District's holding with regard to the award of attorney's fees in lis pendens proceedings remains as controlling authority.