964 So.2d 813 (2007)
William B. SHIELDS, Jr., Petitioner,
v.
Phillip SCHUMAN; Plantation Office Park, Inc., a Florida corporation; Plantation Office Park II, Inc., a Florida corporation; and Blue Water VII, LLC, a Florida limited liability company, Respondents.
No. 4D07-1858.
District Court of Appeal of Florida, Fourth District.
September 19, 2007.
Nancy W. Gregoire of Bunnell Woulfe Kirschbaum Keller McIntyre Gregoire & Klein, P.A., and Barry G. Roderman of Barry G. Roderman & Associates, P.A., Ft. Lauderdale, for petitioner.
John H. Pelzer and Robin F. Hazel of Ruden, McClosky, Smith, Schuster & Russell, P.A., Ft. Lauderdale, for respondent Blue Water.
Albert L. Frevola, Jr. and Cristina M. Pierson of Gordon, Hargrove & James, P.A., Ft. Lauderdale, for respondents Phillip Schuman, Plantation Office Park, Inc. and Plantation Office Park II, Inc.
KLEIN, J.
Shields is a minority shareholder in a corporation which, over his objection, contracted to sell an office park to Blue Water. Shields filed this lawsuit seeking, among other things, to enjoin the sale. The trial court, after hearing testimony that two of the counts in the complaint created a cloud on the title, even though a previously filed notice of lis pendens had been discharged, ordered Shields to post a bond of $8.5 million as a condition of maintaining the two counts in his complaint. We grant Shields's petition for certiorari.
Shields owns twenty-five percent of the stock and Schuman owns the remaining seventy-five percent in each of two corporations, Plantation I and Plantation II, which together own an office park. Schuman, as majority shareholder, had the corporations sign a contract to sell the office park to Blue Water for $12 million. Shields objected because the sale price *814 was too low and filed this lawsuit, seeking injunctive as well as other relief to prevent the sale. He also filed a notice of lis pendens. In response to a motion filed by one of the defendants, the court ordered Shields to post an $8.5 million bond in order to maintain the lis pendens. Shields did not post the bond and the lis pendens was dissolved.
After the lis pendens had been discharged, Blue Water moved to dismiss counts V and X of the complaint, or in the alternative to require Shields to post a bond in order to maintain those two counts. At a hearing Blue Water presented expert testimony to the effect that these two counts clouded the title and that the title could not be insured. The court was reluctant to require a bond, where there was no pending lis pendens, without some authority, but did so after Blue Water cited Maplewood Phase One Homeowner's Ass'n, Inc. v. Cecil, 585 So.2d 370 (Fla. 4th DCA 1991), and Archive America, Inc. v. Variety Children's Hospital, 873 So.2d 359 (Fla. 3d DCA 2004). These cases, however, are distinguishable in that they both involved existing liens which the courts permitted to be transferred to bonds. The respondent cites no authority which would authorize requiring a bond to be posted in order to maintain a lawsuit under these circumstances.
In Psychiatric Associates v. Siegel, 610 So.2d 419 (Fla.1992), the issue was whether a statute requiring a plaintiff to post a bond sufficient to cover defendant's costs and attorney's fees, before an action could be prosecuted, violated plaintiff's right of access to the courts guaranteed by Article I, section 21, Florida Constitution. Our supreme court held the statute unconstitutional.
The order requiring a bond in this case, which is not related to a lis pendens, violates plaintiff's constitutional right of access to the courts. We accordingly have no trouble concluding that it constitutes a departure from the essential requirements of law. We accordingly grant certiorari review, which is our method for review of orders which improperly require a party to post a bond to maintain a lis pendens, S & T Builders v. Globe Props., Inc., 909 So.2d 375 (Fla. 4th DCA 2005), approved, 944 So.2d 302 (Fla.2006), and quash the order requiring the bond.[1]
STEVENSON and HAZOURI, JJ., concur.
NOTES
[1] We are not unsympathetic to the predicament of the respondents; however, it is not unusual for title insurability problems to be created by litigation involving real estate. For example, even where a lis pendens is discharged because of the failure to post a bond, the lis pendens does not simply vanish, but rather remains to be found by anyone searching the title to the property. See Real Property, Probate and Trust Law: Specific Performance of Real Estate Contracts: Legal Blackmail, Gerald F. Richman and Mark A. Romance, 72 Fla. Bar J. 54 (Nov. 1998) (suggesting possible solutions, including legislation, to address the problems of uninsurability and unmarketability caused by litigation, even where a lis pendens has not been filed or has been discharged).