SILBERMAN, Judge,
Concurring.
I concur in the decision to grant certio-rari. Reinhardt’s complaint alleges the following: (1) during the marriage between Gorman and Warren, Gorman acquired certain real property; (2) the property later became the marital residence of Gorman and Warren; (3) the marital settlement agreement states that Gorman and Warren “are joint owners of the marital residence”; and (4) the marital settlement agreement gave Warren a recorded joint interest in the property. Apart from the reference as to what the marital settlement agreement states, Reinhardt does not allege that Gorman actually conveyed any interest in the property to Warren. On its face, the marital settlement agreement did not convey title, in full or in part, to Warren, and nothing contained in the record reflects that Warren acquired any ownership interest in the property through a properly documented conveyance. Although the final judgment of dissolution of marriage incorporates the marital settlement agreement, neither it nor the marital settlement agreement directs conveyance of the property from Gorman, individually, to Warren, individually, or to Gorman and Warren, jointly.
The complaint seeks damages based on an alleged breach of the marital settlement agreement and declaratory relief based on purportedly void deeds executed by Warren. At its heart, the action is based on the circumstances surrounding Gorman and Warren’s entry into the marital settlement agreement, the circumstances surrounding Warren’s execution of two quitclaim deeds, and the circumstances surrounding the transfer of the property from Gorman to the Sheehans. I agree with the majority that this action is not founded on a duly recorded instrument and that Reinhardt is not entitled to maintain the lis pendens as a matter of right. See Am. Legion Cmty. Club v. Diamond, 561 So.2d 268, 271-72 (Fla.1990).
In the trial court and on appeal the Sheehans pointed out that because Rein *1292 hardt could not maintain the lis pendens as a matter of right, she could potentially maintain the lis pendens if she could establish a fair nexus between her claims and the property. In that situation, the Shee-hans contend that Reinhardt should be required to post a bond. See S & T Builders v. Globe Props., Inc., 944 So.2d 302, 304-05 (Fla.2006); Med. Facilities Dev., Inc. v. Little Arch Creek Props., Inc., 675 So.2d 915, 917-18 (Fla.1996). However, the Sheehans argue that because Reinhardt has not established such a nexus, the lis pendens must be discharged. Based on the information contained in our record, I agree that Reinhardt has not met her burden and that the lis pendens must be discharged.
Accordingly, I concur in the decision to grant certiorari and to remand for discharge of the lis pendens.