GROSS, C.J.,
dissenting.
I agree with Judge Cox’s well-reasoned dissent below that section 57.011, Florida Statutes (2009) is unconstitutional. An unconstitutional statute that barricades the courthouse to a group of indigent defendants is a violation of a “clearly established law” that results in a miscarriage of justice under Allstate Insurance Co. v. Kaklamanos, 843 So.2d 885, 890 (Fla.2003). The majority too narrowly interprets the meaning of “clearly established law” for the purpose of certiorari review; the majority *706 makes much of the fact that the statute has not been challenged as unconstitutional in “170 years” or since the passage of the 1968 constitution. Yet this set of facts had not yet arisen to frame the constitutional issue. The majority’s approach would prevent this court from considering a serious constitutional violation simply because the issue raised was one of first impression.
For the remainder of this dissent, I adopt Judge Cox’s dissent from the circuit court:
Section 57.011 provides that non-resident plaintiffs shall file a bond of $100, conditioned to pay all costs which may be adjudged against them in the court in which the action is brought. Appellants argue that section 57.011 unconstitutionally restricts access to the courts for poor non-resident plaintiffs who cannot afford to post the cost bond. Appellants point out that the cost bond represents half or more of most of the Appellants’ monthly income, and for some of them the cost bond is greater than their annual income.
Florida’s constitution contains a specific access to court provision. Mitchell v. Moore, 786 So.2d 521, 526 (Fla.2001). Article I, Section 21 of the Florida Constitution provides: “The courts shall be open to every person for redress of any injury, and justice shall be administered without sale, denial or delay.” Access to the courts is a fundamental right. Requiring a bond as a pre-condition for bringing an action does not necessarily violate the right of access to the court, but such bonds have been consistently disfavored by Florida courts.
In Kluger v. White, 281 So.2d 1 (Fla.1973), the Florida Supreme Court set forth a two-prong test for determining compliance with the access to courts clause when legislation appears to restrict such right. The Supreme Court held that “the Legislature is without power to abolish the right of access to the courts without providing a reasonable alternative to protect the rights of the people of the State to redress for injuries, unless the Legislature can show an overpowering public necessity for the abolishment of such right, and no alternative method of meeting public necessity can be shown.” Id. at 4. Under the “no alternative method” analysis, the Legislature may abolish a right of access if it has provided a reasonable alternative or commensurate benefit. See Mitchell, 786 So.2d at 527-28.
Section 57.011 does not provide the non-resident plaintiff with an alternative to filing the cost bond. In its order granting Appellee’s motion to dismiss, the trial court appears to offer an alternative to filing the cost bond. The trial court instructed Appellants to either post the bond or proceed under section 57.082. Section 57.082, however, is not an option for Appellants because'it does not apply to cost bonds.
In Psychiatric Associates v. Siegel, 610 So.2d 419 (Fla.1992), receded, from on other grounds by Agency for Health Care Admin. v. Assoc. Indus, of Florida, Inc., 678 So.2d 1239 (Fla.1996), the Florida Supreme Court invalidated the statutes the[re] at issue because they did not provide for a waiver based on inability to pay, or some kind of exception or alternative for the indigent litigant. The Supreme Court held that the aforementioned statutes were unconstitutional because the bond requirement: 1) infringes on the plaintiffs fundamental right of access to the courts without providing an alternative remedy, commensurate benefit or a showing that no alternative method exists for meeting the overpowering public necessity that *707 begot the statutes; and 2) infringes o[n] the plaintiffs due process rights. Id. at 421.
In Psychiatric Associates, the Supreme Court explained:
Under the bond requirement statutes, all plaintiffs, regardless of the merits of their claims, must post a bond before proceeding with their action. This requirement will not necessarily discourage frivolous lawsuits of the rich, but only those lawsuits where the plaintiff is too poor to post the bond.
Id. at 425. Likewise, in this case, the bond requirement will not protect the resident defendants from non-resident plaintiffs; it will only prevent poor nonresident plaintiffs from having access to the court.
Further, in T.A. Enterprises, Inc. v. Olarte, Inc., 931 So.2d 1016 (Fla. 4th DCA 2006), the Fourth District Court of Appeal invalidated a statute that authorized courts to condition appellate review upon the manufacturer’s payment of the consumer’s attorney’s fees. The court explained that the statute violated the access to courts provision of Article I, section 21 of the Florida Constitution. The court applied the test in Psychiatric Associates and found that the statute was unconstitutional because it failed to provide a manufacturer with an alternative remedy for appeal or a commensurate benefit. Id. at 1019; see also Shields v. Schuman, 964 So.2d 813 (Fla. 4th DCA 2007).
Because the Legislature has not shown that the method provided in the statu[t]e is the only method to protect resident defendants, and the statute does not provide an alternative remedy, the statute is unconstitutional.